J-S52038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
       Appellee    :
   :
         v.    :
   :
ANTHONY MATTHEWS,    :
   :
       Appellant    :    No. 1283 EDA 2015

Appeal from the Judgment of Sentence April 16, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0008890-2011

BEFORE:    FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 20, 2016**

Anthony Matthews (Appellant) appeals from the judgment of sentence entered April 16, 2015, after he pled guilty to possession of contraband and a small amount of marijuana. We affirm.

The trial court set forth the relevant factual background of this case as follows.

> During Appellant's guilty plea, he agreed with the following facts as read by the Commonwealth[:]
>
> On October 3, 2010, at approximately 3:10 p.m., Appellant was at CFCF [(Curran-Fromhold Correctional Facility)] located on State Road in the City and County of Philadelphia. Appellant was being patted down by correctional officers while holding a pair of gloves. Inside one of the gloves, correction officers noticed a plastic bag containing a green leafy substance. The officer took possession of that bag and transported it to Northeast Detectives. The

*Retired Senior Judge assigned to the Superior Court.

>> substance was tested and came back positive for marijuana.

Trial Court Opinion (TCO), 1/20/2016, at 1-2.

Appellant was charged with possession of: (1) marijuana, (2) a controlled substance by person not registered, and (3) contraband. A criminal complaint was filed on October 10, 2010. Following a preliminary hearing, numerous motions filed by Appellant, and several continuances, the trial court ordered Appellant to undergo a mental health evaluation. *Id.* at 4. "On February 28, 2012, Appellant was determined to be incompetent. Appellant was not deemed competent until September 19, 2014." *Id.* After several more continuances, and the denial of Appellant's Rule 600 motion, Appellant pled guilty.[1] Appellant was sentenced to 11½ to 23 months of incarceration, followed by six years' probation.[2] This timely-filed appeal followed.[3]

Appellant raises the following issues on appeal.

---

[1] The charge of possession of a controlled substance by person not registered was *nolle prossed.*

[2] Appellant filed *pro se* a post-sentence motion seeking to withdraw his guilty plea. Following this filing, Appellant's counsel also filed a motion to withdraw Appellant's plea and a notice of appeal. Finding it did not have jurisdiction to entertain the merits of the motion because of the contemporaneous filing of a notice of appeal, no order or decision was ever entered by the trial court. Appellant's Brief at 6.

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

I.    Was Appellant's guilty plea entered on April 16, 2015 coerced since it was a product of his confinement for an excessive number of years without having been brought to trial and was not voluntarily, knowingly[,] and intelligently entered since Appellant may not have been competent to enter the guilty plea?

II.   Did the trial court err when it denied Appellant's motion to dismiss based upon violation of his due process rights stemming from the prejudicial pre-arrest delay and delay in bringing him to trial in a timely matter?

Appellant's Brief at 4 (suggested answers removed).

In addressing Appellant's issue related to his guilty plea, we first set forth our well-settled standard of review.

> "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). In **Commonwealth v. Fluharty**, [632 A.2d 312 (Pa. Super. 1993)], we set forth guidelines to determine the validity of a guilty plea:
>
>> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> **Id.** at 314 (quotation marks and citations omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." **Pollard**, 832 A.2d at 523 (citations omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the

- 3 -

defendant understood the nature of the charges against him, the voluntariness of the plea is established." ***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001).

***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006).

Here, Appellant makes two arguments to support his contention that his plea was not voluntarily, knowingly, and intelligently entered. First, he contends he was coerced into pleading guilty by virtue of his confinement for an excessive number of years without being brought to trial, and second, he argues that he may not have been competent to enter a guilty plea on April 16, 2015. Appellant's Brief at 13-14.

In response, the trial court offered the following analysis.

> During his guilty plea hearing, Appellant attempted to argue matters not before [the trial] court, claimed that he was not subject to the jurisdiction of [the trial] court, and made numerous attempts to confound [the trial court's] hearing. However, nothing about his guilty plea was involuntary, unknowing, or unintelligent. Prior to Appellant's [Rule] 600 motion being litigated, he stated, "I'm here to plead guilty today." Appellant then signed a guilty plea form with his attorney, and while he initially claimed that he did so under duress, he later admitted that he signed the form under his own free will. Appellant then stated that he did not wish to disagree with any of the facts, as read by the Commonwealth. Appellant's claims that he did not enter this plea voluntarily, knowingly, and intelligently are completely unsubstantiated. Furthermore, he was deemed competent to stand trial by a psychiatrist and [the trial] court did not observe any behavior that would call that determination into question. Appellant continues to attempt to confound his court proceedings and avoid responsibility for his actions. There is absolutely nothing in the record that shows this plea was not voluntary, knowing, and intelligent. Accordingly, Appellant's guilty plea should not be disturbed.

TCO, 1/20/2016, at 3-4 (footnotes omitted).

The trial court's determination is supported by the record. The record reflects that Appellant understood the nature of the charges and the facts presented by the Commonwealth; acknowledged he understood and signed the written guilty plea colloquy; and relayed to the trial court upon further examination that he was not coerced, forced, or promised anything in exchange for pleading guilty.[4] N.T., 4/16/2015, at 46-53

"A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012). **See also McCauley,** 797 A.2d 920 at 922 (citing **Commonwealth v. Stork**, 737 A.2d 789, 790-791 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.")). While we acknowledge Appellant stated that he signed the guilty plea colloquy "under duress"[5] he later clarified upon the trial court's inquiry that he was not signing under duress but that he was "under duress for being held after five

---

[4] To wit, the trial court stated numerous times that Appellant did not have to plead guilty and could proceed to trial. **See** N.T., 4/16/2015, at 46-47, 52.

[5] This is further emphasized by Appellant signing his name on his written guilty plea colloquy and writing "[without] recourse" above his signature. **See** Written Guilty Plea Colloquy, 4/16/2016.

and a half years." N.T., 4/16/2015, at 46-48. He thereafter confirmed that he signed the colloquy of his own free will and that no one had had forced or threatened him to plead guilty. *Id.* at 46-50. Under these circumstances we cannot find Appellant's plea was involuntary.

Additionally, we find nothing on the record to suggest that Appellant was incompetent at the time of the guilty plea hearing as he has suggested. Specifically, Appellant does not dispute the fact that he was found competent in late 2014 by the trial court based upon a doctor's report. N.T., 4/16/2015, at 28-29. Instead, Appellant merely asserts that he "may" not have been competent and cites the fact that "not surprisingly" he continues to be confined to a Pennsylvania State Hospital without providing any additional information or background involving this alleged hospital stay. Appellant's Brief at 14. However, Appellant presented no evidence or expert report to rebut the doctor's report or the trial court's finding that he was competent at the time of his April 16, 2015 hearing and only merely poses a question to this Court on "how it is possible" for Appellant to have entered a guilty plea only seven months after being declared competent following more than two and a half years of incompetence. No relief is due.[6]

---

[6] Significantly, during Appellant's guilty plea hearing counsel relayed to the trial court that "thankfully [Appellant has regained competency] at this point[.]" N.T. 4/16/2016, at 31. Additionally, Appellant frequently recited that he was "of sound mind and body" and was not currently being treated for any psychiatric illness. *Id.* at 8, 49.

Lastly, Appellant avers that the trial court erred by denying his motion to dismiss based on due process rights stemming from pre-arrest delay[7] and delay in bringing Appellant to trial in a timely matter as set forth in Pa.R.Crim.P. 600. Appellant's Brief at 16-18.

Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

(C) Computation of Time

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must

---

[7] "The constitutional right to due process also protects defendants from having to defend stale charges, and criminal charges should be dismissed if improper pre-arrest delay causes prejudice to the defendant's right to a fair trial." **Commonwealth v. Snyder**, 713 A.2d 596, 599–600 (Pa. 1998).

commence. Any other periods of delay shall be
excluded from the computation.

Pa.R.Crim.P. 600.

Regarding Appellant's protestations concerning his pre-arrest delay
and the timeliness in which he was brought to trial, and ultimately pled
guilty, we agree with the Commonwealth that Appellant has waived these
issues. *See Commonwealth v. Roden*, 730 A.2d 995, 997, n. 2 (Pa
Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all
defects and defenses except those concerning the validity of the plea, the
jurisdiction of the trial court, and the legality of the sentence imposed.").
*See also Commonwealth v. Messmer*, 863 A.2d 567, 571 (Pa. Super.
2004) ("The entry of a guilty plea constitutes a waiver of all defenses and
defects except claims of lack of jurisdiction, invalid guilty plea, and illegal
sentence.").[8]

In finding Appellant's plea was knowingly, intelligently, and voluntarily
entered, we are constrained to find the remainder of Appellant's arguments
waived. In light of the foregoing, we find Appellant has failed to convince
this Court that he is entitled to relief, and as such, we affirm.

---

[8] Appellant acknowledged on his written guilty plea colloquy that after
pleading guilty he was entitled to appeal only if: "(1) [he] did not know what
[he] was doing when [he] pled guilty, or somebody forced [him] to do it- it
was not voluntary[;] (2) [he] was in the wrong court- the court did not have
jurisdiction over [his] case; or (3) [the] sentence the judge gave [him] was
for some reason illegal or improper." Written Guilty Plea Colloquy,
4/16/2015, at 3.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/20/2016