J-S44022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN GAINES | : | |
| | : | |
| Appellant | : | No. 3740 EDA 2016 |

Appeal from the PCRA Order November 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003690-2012

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 07, 2018**

Benjamin Gaines (Appellant), *pro se*, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts underlying this appeal stem from a February 9, 2012 incident during which Appellant shot Amir Jones in the face, severely and permanently injuring him. The victim subsequently identified Appellant as the shooter.

The PCRA court summarized the remainder of the procedural history as follows:

> On February 6, 2013, [Appellant] entered a negotiated plea on the charges of [a]ttempted [m]urder and [possession of an instrument of crime (PIC)]. He was immediately sentenced, in accordance with the plea agreement, to a period of confinement in a state correctional facility of 15 to 30 years on the [a]ttempted [m]urder charge and a concurrent period of confinement of 2½ to 5 years on the PIC charge. [Appellant] did not file a direct appeal.

On February 4, 2014, [Appellant] timely filed the instant *pro se* PCRA [p]etition. On June 18, 2014, Coley O'Brien Reynolds[,] Esq., was appointed to represent [Appellant] on his PCRA [p]etition. On August 29, 2016, Mr. Reynolds filed a[] thorough and exhaustive no-merit **Finley** Letter[1] with the [c]ourt concluding that "[Appellant]'s claims are entirely lacking in merit and there exist no other issues having arguable merit that could be raised in an amended petition[.]" On September 16, 2015, the [c]ourt, after a careful review of the record and PCRA [c]ounsel's **Finley** letter, issued its notice, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.), advising [c]ounsel and [Appellant] that it intended to dismiss [Appellant]'s petition within twenty days of the date of its notice. On September 19, 2016, [Appellant] filed a "Motion for Leave to Amend PCRA Petition." On November 8, 2016, the [c]ourt issued an [o]rder [permitting counsel to withdraw and] dismissing [Appellant]'s PCRA [p]etition as being without merit.

On November 21, 2016, [Appellant] timely filed the instant appeal to the Superior Court of Pennsylvania. On December 6, 2016, this [c]ourt filed and served on [Appellant] an [o]rder pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a [s]tatement of [e]rrors [c]omplained of on [a]ppeal, within twenty-one days of the [c]ourt's [o]rder.

On December 20, 2016, [Appellant] timely filed a [s]tatement of [e]rrors [c]omplained of on [a]ppeal.

PCRA Court Opinion, 9/6/17, at 1-2.

Appellant presents the following issues for review:

1) Did the trial court err by dismissing the properly filed PCRA petition given [that] Appellant had entered an involuntary and unknowing guilty plea as a result of an ineffective assistance of counsel, was a colorable, meritorious claim?

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

2) Does the trial court's dismissal of the properly filed PCRA petition without an evidentiary hearing constitute a due process violation?

3) Did the trial court err by failing to grant the motion to amend the PCRA petition or acknowledging, on the record, the amended PCRA petition?

Appellant's Brief at 5.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

First, Appellant challenges plea counsel's effectiveness as it relates to his guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the

petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012).  If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super.2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (quotations and citations omitted).  "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted).  "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." ***Id.*** (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered.  The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is

- 4 -

aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted).

Appellant argues that his guilty plea was not knowing, voluntary, and intelligent due to plea counsel's ineffectiveness. Appellant contends that he had no choice but to plead guilty because plea counsel did not pursue or investigate the defenses of diminished capacity[2] and self-defense[3] on his behalf.

Based upon our review of the certified record, including the transcript of Appellant's guilty plea hearing and his written colloquy, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reflects that the trial court informed Appellant of the nature of the charges to which he pled guilty, the factual basis for the plea, his right to trial by jury,

_____

[2] Appellant claims that he was under the influence of narcotics when he shot the victim.

[3] Appellant asserts that he shot the victim believing he was the leader of a "group" who had "harassed and threatened to kill him." Appellant's Brief at 12-13.

- 5 -

the presumption of innocence, the sentences, and that it was accepting the negotiated sentence. N.T. 2/6/13, at 5-24; Written Guilty Plea Colloquy, 2/6/13, at 1-4.

Importantly, during the oral colloquy, Appellant indicated that he did not need any additional time to discuss possible defenses with plea counsel, and that he was satisfied with counsel's representation. *Id.* at 13-14. Appellant acknowledged that he had decided to exchange his rights, including the right to raise defenses, in exchange for a favorable sentence of 15 to 30 years of incarceration for an attempted murder charge where the victim unequivocally identified Appellant as the perpetrator. *Id.* at 8-12, 23-24. Appellant stated that he was understood the ramifications of pleading guilty and that he was entering his plea on his own volition. *Id.* at 8-12. He cannot now contradict these statements.

By arguing that plea counsel's ineffectiveness forced him into pleading guilty, Appellant essentially admits that his responses to the plea colloquies were untruthful. A defendant who elects to plead guilty, however, "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted). "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully." *Id.* Accordingly, because the record supports the PCRA court's

- 6 -

determination that Appellant's guilty plea was knowing, voluntary, and intelligent, we conclude that the trial court did err in determining that this claim lacked arguable merit.[4]

Second, Appellant argues that the PCRA court erred in dismissing his case without a hearing. This Court has explained:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Walls***, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations and brackets omitted). If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose

_____

[4] Additionally, our case law is clear that the entry of a guilty plea constitutes waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. ***See Commonwealth v. Roden***, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed."); ***see also Commonwealth v. Messmer***, 863 A.2d 567, 571 (Pa. Super. 2004) ("The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence."). Because the record reflects Appellant's clear desire to plead guilty, he cannot now challenge counsel's failure to raise these defenses.

would be advanced by holding an evidentiary hearing." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Here, Appellant argues that an evidentiary hearing was necessary for him to present evidence proving his claim that his guilty plea was not knowing, voluntary, and intelligent. As discussed above, the evidence Appellant would have presented in support of this claim would have been testimony that directly contradicted the statements he made during his guilty plea colloquy. This, however, is not an avenue for relief. Thus, there were no genuine issues of material fact in controversy and no purpose would have been served by holding a hearing. Accordingly, the PCRA court did not err in denying Appellant's petition without a hearing.

Finally, Appellant argues that the PCRA court erred in denying his motion for leave to amend his PCRA petition. Appellant maintains that Rule 905 of the Pennsylvania Rules of Appellant Procedure requires courts to "freely" permit the filing of amended PCRA petitions.

Rule 905 states that a PCRA court "***may*** grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(a) (emphasis added). As our Supreme Court has explained, "[t]he statutory word 'may' as contrasted with 'shall' signals a discretionary rather than a mandatory act." ***Commonwealth v. Williams***, 828 A.2d 981,

988 (Pa. 2003). Thus, "[t]he [PCRA] court retains discretion whether or not to grant a motion to withdraw or amend a post-conviction petition." ***Id.***

The PCRA court explained its decision to deny Appellant's motion as follows:

> In his motion, [Appellant] essentially reargued [plea] counsel's ineffectiveness in an attempt to circumvent Mr. Reynolds' exhaustive discussion and conclusion contained in his ***Finley*** Letter, which clearly address the issues before the Court. Additionally, [Appellant], for the first time, without substantiation, whimsically alleges that [plea] counsel was ineffective for failing to suppress statements made by him "after ingesting potent pain killers at the hospital immediately prior to waiving his right to remain silent." Not only is there no evidence in the record to remotely suggest that [Appellant] received any sort of medical treatment prior to giving his statement to the investigating officers, the Commonwealth advised the [c]ourt that it would not be introducing his statement at trial. (N.T., 2/6/2013 pg. 18). Raising nothing of substance, it was proper for the [c]ourt to deny [Appellant]'s motion to amend[.]

PCRA Court Opinion, 9/6/17, at 3.

We have reviewed the certified record on appeal, including Appellant's motion for leave to amend his PCRA petition and the guilty plea hearing transcript wherein the Commonwealth indicated it would not introduce the statement at issue at trial, and we determine that the PCRA court accurately assessed the arguments in Appellant's motion and the evidence before the court that supported the denial of that motion. Because Appellant did not provide the PCRA court with a legitimate reason to permit him to amend his PCRA petition, we conclude that court did not abuse its discretion in denying his motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/18