J-S41010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAUL JAVIER CRUZ-FIGUEROA | : | |
| | : | |
| Appellant | : | No. 852 MDA 2018 |

Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007176-2010,
CP-67-CR-0007179-2010

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 16, 2019**

Saul Javier Cruz-Figueroa appeals[1] from the judgment of sentence,

entered in the Court of Common Pleas of York County, after he pled guilty to

_____

[1] Cruz-Figueroa filed one notice of appeal from the two separate trial court docket numbers.  The Official Note to Pa.R.A.P. 341 states that "[w]here . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." Pa.R.A.P. 341, Official Note.  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court recently held:

> **[I]n future cases** [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal.

**Id.** at 977 (emphasis added).   The **Walker** decision was held to apply prospectively to cases.  Because **Walker** was decided on June 1, 2018 and the current appeal was filed on May 23, 2018, the **Walker** holding does not apply to this case.  Thus, we decline to quash the appeal.

_____

\*   Retired Senior Judge assigned to the Superior Court.

two drug offenses in 2011. After careful review, we affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

On April 6, 2011, Cruz-Figueroa entered an open guilty plea in two separate cases[2] to one count of possession with intent to deliver heroin (Count 1)[3] and one count of possession with intent to deliver cocaine (Count 2).[4] Cruz-Figueroa was admitted to the York County Drug Treatment Court Program and sentencing was deferred until Cruz-Figueroa either successfully completed the program or was removed from drug treatment court.[5] While in drug treatment, Cruz-Figueroa absconded from the program[6] and remained at large.[7] On May 9, 2011, the court revoked Cruz-Figueroa's bail and issued a bench warrant for his arrest.[8] In January 2018, Cruz-Figueroa was

_____

[2] Count 1 (No. 7176 of 2010); Count 2 (No. 7179 of 2010).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(30).

[5] The order admitting Cruz-Figueroa into drug court states that "upon successful completion of Drug Court, all felonies become misdemeanors and all misdemeanor are dismissed." Order, 4/5/11, at 7.

[6] Testimony at sentencing indicates that Cruz-Figueroa walked out of the drug program because he was afraid that he would "test dirty." N.T. Plea/Sentencing, 3/27/18, at 4, 10-11.

[7] The commission of these crimes violated Cruz-Figueroa's probation sentence in a prior, unrelated case.

[8] Consistent with drug treatment court policy, Cruz-Figueroa was discharged from the program one year after absconding, on May 31, 2012.

apprehended[9] and extradited to Pennsylvania for sentencing. On March 27, 2018, after considering a pre-sentence investigation (PSI) report, the trial court sentenced[10] Cruz-Figueroa to 10-20 years' incarceration on Count 1, and a consecutive term of 5-10 years of incarceration on Count 2.[11] Cruz-Figueroa filed a timely motion for reconsideration that the court denied on April 27, 2018 after a hearing.[12] The court granted Cruz-Figueroa *in forma pauperis* (IFP) status on May 23, 2018; counsel filed a timely notice of appeal from Cruz-Figueroa's judgment of sentence on the same date. Cruz-Figueroa filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issue for our consideration:

> Did the sentencing court abuse its discretion in imposing aggravated–range terms of incarceration due to Saul Cruz-Figueroa's prior convictions and the dangers of heroin, where the prior convictions are already accounted for in Cruz-Figueroa's prior record score and the dangers of heroin are contemplated in any delivery of heroin conviction?

Appellant's Brief, at 4.

---

[9] The trial court intimates that Cruz-Figueroa was apprehended in Puerto Rico, although there is nothing in the record to confirm that fact.

[10] Both the defense and the prosecution recommended a standard-range sentence for Cruz-Figueroa. N.T. Plea/Sentencing, 3/27/18, at 5-6.

[11] Cruz-Figueroa also received 246 days of credit for time served.

[12] On May 4, 2018, Cruz-Figueroa filed a *pro se* notice of appeal which the trial court clerk of courts forwarded to his attorney of record. **See** Pa.R.Crim.P. 576(A)(4).

Cruz-Figueroa raises a discretionary aspects of sentence claim on appeal, arguing that the trial court based his sentence on improper factors. Specifically, he asserts that the court considered prior convictions that had already been accounted for in the standard-range of the guidelines. Additionally, he claims that the court impermissibly factored in "the toll that heroin has taken on society" to justify a lengthier sentence. Appellant's Brief, at 14.

When the discretionary aspects of a sentence are questioned, an appeal is not guaranteed as of right. *Commonwealth v. Moore*, 617 A.2d 8, 11 (Pa. Super. 1992). Rather, an appellant challenging the discretionary aspects of his sentence must invoke our Court's jurisdiction by satisfying the following four-part test: (1) the appellant must file a timely notice of appeal, pursuant to Pa.R.A.P. 902 and 903; (2) the issue must have been properly preserved at sentencing or in a motion to reconsider and modify sentence, pursuant to Pa.R.Crim.P. 720; (3) the appellant's brief must comply with Pa.R.A.P. 2119(f); and (4) the appellant must present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). An appellate court will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987).

First, we note that Cruz-Figueroa filed a timely notice of appeal and preserved his discretionary aspect of sentencing claim by raising it in a timely post-sentence motion to reconsider his sentence. Next, Cruz-Figueroa has complied with Rule 2119(f). Finally, he has presented a substantial question. ***Commonwealth v. Tirado***, 870 A.2d 362 (Pa. Super. 2005) (claim that sentencing court has "considered factors already included in the guidelines" raises substantial question).

Here, the trial court's sentence was well outside the guidelines. We note that in cases where a court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. ***See*** 42 Pa.C.S.A. § 9721(b).

> [A sentencing] judge . . . [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted). An appellate court must vacate and remand a case where it concludes that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). However, "if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld." ***Commonwealth v. Smith***, 863 A.2d 1172, 1177-78 (Pa.

Super. 2004). *See Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007) (noting difficulty of defining inquiry into reasonableness of sentence).

At sentencing the court made the following statement about Cruz-Figueroa's drug history to support its upward departure:

> [T]he defendant has a serious drug problem. What it reflects is he's been given the opportunity for rehabilitation which he has refused.
>
> He's, in fact, walked out on the drug treatment program which is a highly intensive program that affords him the opportunity to turn his life around if he so choses. That program focused on treatment, not on punishment and incarceration. And he refused that rehabilitative treatment and walked out.
>
> \*   \*   \*
>
> [T]he defendant chose to throw all of that away in favor of continuing to engage in criminal conduct and to be a drug user.
>
> The Defendant is not being sentenced here today for being a drug user. He's being sentenced for being a drug dealer because the Defendant chooses to deal drugs to support his habit.
>
> So the [c]ourt doesn't see anything based on this record that would suggest that a sentence focusing upon getting the Defendant additional treatment at this point makes any sense because he's not ready for treatment. He doesn't want treatment. He wants to keep using drugs, and he wants to keep dealing drugs to support his habit.
>
> The drugs he's dealing include heroin. Heroin is a deadly drug. It is killing people across this country, across the Commonwealth, and across the United States. Defendant, in supporting his drug habit, is a threat to society. He is part of the economy that is putting these drugs on the street.
>
> The [c]ourt does not really care whether a person is selling heroin for profit or to support their own habit. The recipients of that drug are just as addicted either way. The recipients of that drug are going to potentially die whether the person is selling it for profit or selling it to support their own habit.

> **So all of these factors have been considered by the [c]ourt in this matter. The fact that these are the fourth and fifth PWID-related charges that the Defendant has accrued warrant sentencing him *in the aggravated range*. The fact that they are the fourth and fifth is contained in the offense gravity score, but that's not the entire ball of wax as it were.**
>
> What it reflects is a lack of rehabilitative potential which is not captured in the offense gravity score. It reflects that he's a danger to society which is not captured in the offense gravity score. It reflects that because he keeps doing the same offense over and over again and rejects rehabilitative efforts, that he's going to continue to put others at risk and continue to commit this crime as long as he's out on the streets. The solution to that is unfortunately to keep him from being out on the streets.

N.T. Plea/Sentencing, 3/27/18, at 11-14 (emphasis added).

According to the Sentencing Commission, factors that are already used in the Guidelines' computations, including, *inter alia*, prior convictions, may not be used to justify an aggravated sentence. ***Commonwealth v. Johnson***, 758 A.2d 1214, 1219 (Pa. Super. 2000). "By logical extension, this same type of conviction cannot serve as the basis for imposing an even greater sentence, the statutory maximum." ***Commonwealth v. Whitmore***, 860 A.2d 1032, 1038 (Pa. Super. 2004), *rev'd in part on other grounds*, 912 A.2d 827 (Pa. 2006). Simply put, a sentencing court may not "double count" factors already taken into account in the sentencing guidelines.

In its Rule 1925(a) opinion, the trial court explains that in fashioning its sentence:

> [t]he Court considered the fact that [Cruz-Figueroa] was a repeat offender in dealing or attempting to deal drugs **in sentencing [him] in the aggravated range**, as repeating the same crime, and thereby revealing a lack of rehabilitative potential[.] The

aggravating factor was not [Cruz-Figueroa's] general prior record score. The aggravating factor(s) were that in committing the same crime repeatedly, [Cruz-Figueroa] showed lack of remorse regarding that particular crime, and further demonstrated lack of rehabilitative potential in regard to being a drug dealer.

Trial Court Opinion, 4/15/19, at 3-4 (emphasis added). **See also** N.T. Plea/Sentencing, 3/27/18, at 13 ("The fact that these are fourth and fifth PWID-related charges that the Defendant has accrued warrant sentencing **in the aggravated range**.") (emphasis added). The sentencing court also noted that the instant offenses were Cruz-Figueroa's fourth and fifth PWID-related charges,[13] demonstrating to the court that Cruz-Figueroa "had not reformed his behavior after his prior convictions nor [did he] possess[] any level of remorse." **Id.** at 4. At the sentencing reconsideration hearing the court further stated, "when you have the same individual committing a number of different PWIDs or even attempts to PWID, which we do have in this case . . . [, t]hen I don't think it's appropriate for the [c]ourt to not just look at the offense gravity score and for the [c]ourt to say, 'What is the rehabilitative potential of this individual in regard to the offense of drug dealing and the threat that it poses to society?'" N.T. Sentencing Reconsideration Hearing, 4/27/18, at 16.

The Sentencing Guideline's offense gravity scores (OGS) pertain to the seriousness of the offense and are codified at 204 Pa. Code § 303.15. The

---

[13] In actuality, the offenses were Cruz-Figueroa's third and fourth PWID convictions; the other PWID offenses the court improperly counted were *nolle prossed* or classified as criminal attempt.

Sentencing Guidelines consider both the prior record score (PRS), which relates to the criminal history of the offender, and the OGS. *See* 204 Pa. Code § 303.9(a)(1). Here, pursuant to the 6th edition (revised)[14] of the Pennsylvania Sentencing Guidelines, Cruz-Figueroa's prior crimes registered as a PRS of 3 and his instant convictions registered as an OGS of 6. Under the guideline matrix, a standard-range sentence for a crime with a PRS of 3 and an OGS of 6 is 12-18 months of incarceration (+/- 6 months). Thus, an aggravated-range sentence would be any sentence where the minimum term of incarceration is 18-24 months.[15] Here, Cruz-Figueroa's minimum term of incarceration is 180 months, well outside the aggravated-range of the guidelines.

Where the trial court deviates substantially from the sentencing guideline range, it is especially important that the court consider all factors relevant to the determination of a proper sentence. *Commonwealth v. Messmer*, 863 A.2d 567, 573 (Pa. Super. 2004). Factors justifying an upward departure, however, may not include those already taken into account in the guideline calculations. *Id.* Moreover, a reviewing court should not reweigh the proper sentencing factors considered by the trial court and impose its own

---

[14] The 6th edition (revised) applies to all sentences imposed for felonies and misdemeanor offenses committed on or after December 5, 2008. Here, the bills of information indicate that Cruz-Figueroa's crimes were committed on or about October 12, 2010 (No. 7176) and October 28, 2010 (No. 7179).

[15] All numbers in sentence recommendations suggest months of minimum confinement. *See* 204 Pa. Code § 303.9(2)(e).

judgment in the place of the trial court. ***Commonwealth v. Peck***, 202 A.3d 739, 747 (Pa. Super. 2019).

We are cognizant of the fact that the trial court considered a PSI before imposing Cruz-Figueroa's sentence. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (where sentencing court is informed by PSI, it is presumed that court is aware of all appropriate sentencing factors and considerations, including sentencing guidelines, and "where the court has been so informed, its discretion should not be disturbed."). However, even though the court considered a PSI and also orally recited the guideline ranges for the instant offenses, we are not convinced that the court acted on a sound understanding of the sentencing guidelines or of Cruz-Figueroa's prior criminal history.

Instantly, the trial judge stated that he was sentencing Cruz-Figueroa in the aggravated range of the guidelines, ***see*** N.T. Plea/Sentencing, 3/27/18, at 14; Trial Court Opinion, 4/15/19, at 3, but Cruz-Figueroa's actual sentence is seven-and-one-half times that of an aggravated-range sentence and outside the guidelines.[16] Moreover, at the sentencing reconsideration hearing, the trial judge asked the public defender if at sentencing he improperly "reference[d] that [Cruz-Figueroa] had pled guilty to two PWIDs in . . . 2008," N.T. Sentencing Reconsideration, 4/27/18, at 13, and then later, without

---

[16] In fact, his PWID (heroin) sentence exceeds the statutory maximum before the proper application of any enhancement. ***See*** 35 P.S. § 780-113(f)(1). ***See infra*** at 11.

rereading the notes from sentencing or having his recollection refreshed by counsel, the judge states that he wanted "to make clear for the record that any offenses where the Defendant has no disposition or [were] *nolle prossed*, that is not being held against him in any way in this sentence." ***Id.*** at 15. In fact, according to Cruz-Figueroa's PSI, he has only *two* prior PWID convictions -- both stemming from the same incident in June 2009. ***See supra*** at n.13.

We are compelled to *sua sponte* raise an issue regarding the legality of the court's imposition of a 10-20 year sentence for PWID (heroin). ***See Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (stating that this Court may raise issue implicating legality of sentence *sua sponte*). At the reconsideration hearing, Cruz-Figueroa argued that his PWID-heroin sentence exceeded the statutory maximum, noting that under 35 P.S. § 780-113(f)(1) his offense is punishable by "imprisonment not exceeding fifteen years." Motion for Reconsideration of Sentence, 4/5/18, at ¶ 6. However, at the same hearing, the prosecutor and the trial judge indicated that at the time of sentencing the defense was provided with "a copy of the guidelines that does in fact show [an] enhanced penalty [under section 780-115]." N.T. Sentencing Reconsideration Hearing, 4/27/18, at 8. The prosecutor then proceeded to state:

> So I would submit - - I would like to submit Exhibit 1 for the purpose of the record. That is just the guidelines in this case that do set forth the maximums, and then the Commonwealth's Exhibit 2 is the [PSI], which was referenced by the Commonwealth, by the Defense, and by the Court during the sentencing proceeding, and I would like to have that made part of a record.

- 11 -

*Id.* at 9. The court accepted the documents into evidence and Assistant Public Defender McNeil indicated that he was not contesting the fact that "it's a second or subsequent offense" under section 780-115." *Id.* at 10.

Section 780-115, a recidivist statute for drug offenders, permits a trial court to impose a sentence of up to twice the term otherwise authorized for a second or subsequent conviction under 35 P.S. § 780-113(a)(30). *See* 35 P.S. § 780-115(a). "The terms of this provision expressly empower the trial court to double the maximum . . . sentence for a second or subsequent drug conviction." *Commonwealth v. Young*, 922 A.2d 913, 917-18 (Pa. Super 2007). The court and the Commonwealth's insistence that Cruz-Figueroa had been sentenced pursuant to the statutory enhancement found in section 780-115 is troubling. There is absolutely no mention of this enhancement either in the parties' plea agreement, during the plea proceedings, at sentencing, or in the court's sentencing order. In fact, the first time this enhancement is formally placed on the record is when it is entered as a Commonwealth exhibit at the sentencing reconsideration hearing. *See* Exhibit C-1, Pennsylvania Commission on Sentencing Guideline Sentencing Form, at 4. Moreover, nowhere in the original record prior to or at sentencing is there a copy of the sentencing guideline form[17] indicating that this was a second or subsequent

---

[17] Notably, an April 10, 2018 letter from the York County Clerk of Courts indicates that the sentencing guideline form is not available and would be forwarded at a later date. The form is nowhere in the record save for it being entered as an exhibit one month *after* sentencing at the sentencing

offense. *Cf. Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004) (while fact of defendant's prior drug convictions not required to be pled in information for purposes of application of section 780-115(a), information notified defendant of Commonwealth's intent to seek enhancement). Rather, in a signed and dated guilty plea form, the maximum term of incarceration for each of Cruz-Figueroa's PWID offenses is listed as 15 years, or 30 years if the maximum sentences were run consecutively. *See Instrucciones Acerca Entrando una Declaracion de Culpabilidad* ("Guilty Plea Instructions"), 4/5/11, at 6. We note that in *Whitmore*, *supra*, our Court found that when the trial court had already factored the defendant's prior PWID conviction into his PRS under the guidelines, it was reversible error for the trial judge to double-count the defendant's prior PWID conviction in imposing a statutory maximum sentence under section 780-115.[18]

Based on the sentencing court's apparent confusion with regard to what sentence it was imposing -- a section 780-115 double-the-statutory maximum sentence, or one purportedly in the aggravated range, we are compelled to

---

reconsideration hearing. Under such circumstances, we cannot sanction the Commonwealth's belated introduction of the form, indicating that this was Cruz-Figueroa's "second or subsequent offense" for purposes of section 780-115, or the assistant district attorney encouraging the public defender to not contest the fact that it is a second or subsequent offense.

[18] On remand, the court must be mindful of this prohibition. *See Whitmore* (court may not double-count prior convictions in imposing sentence under section 780-115).

vacate Cruz-Figueroa's sentence. The remarks by the trial judge at sentencing do not evince a true awareness of the sentencing guidelines or properly explain his decision to deviate so drastically from them. It is evident from the sentencing transcript that the trial judge thought he was sentencing Cruz-Figueroa in the aggravated range, a sentence which is still *within* the guidelines. However, in actuality Cruz-Figueroa's sentence is both outside the guidelines *and* in excess of the statutory maximum. The court's attempt to state additional reasons for its sentence at the sentencing reconsideration hearing is inappropriate; it cannot ameliorate its errors by this belated rationalization where the statute requires the court state its reasons for the sentence in court *at the time of sentencing*. **See** 42 Pa.C.S. § 9721(b).[19] **See**

---

[19] We caution the trial court, upon remand, to properly explain how it utilized Cruz-Figueroa's prior PWID offenses (which the court incorrectly counted as 3) to deviate upwards to an outside-the-guideline range sentence; such offenses were intrinsically factored into Cruz-Figueroa's prior record score of 3. The relevant question is whether the court counted those prior PWID offenses toward its consideration of Cruz-Figueroa's rehabilitative potential and/or his complete absence of regard for the law, or whether the court truly double-counted those charges as part of his prior record score. Three relevant cases guide the analysis and should be the polestar of the court's reasoning on this issue on remand. **See Commonwealth v. Peck**, 202 A.3d 739, 749 (Pa. Super. 2019 (defendant's 20-40 year sentence of imprisonment for drug delivery resulting in death upheld where court explained statutory maximum sentence "included proper aggravating factors, such as the nature of the drug that [the defendant] sold, [defendant's] salesmanship of the heroin he sold, and [defendant's] existing relationship with Decedent" and sentencing court's reference to defendant's prior convictions for drug offenses was proper "as the specific nature of those offenses was relevant to the court's consideration of [the defendant's] rehabilitative potential"); **Commonwealth v. Messmer**, 863 A.2d 567, 573 (Pa. Super. 2003) (defendant entered guilty plea for driving under influence of alcohol and related offenses; trial court's concern that

***Commonwealth v. Rodda,*** 732 A.2d 212, 216 (Pa. Super. 1999) (in imposing sentence, record must demonstrate with clarity that court considered sentencing guidelines "in a rational and systematic way and made a dispassionate decision to depart from them").

Judgment of sentence vacated; PWID convictions affirmed. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2019

---

defendant had five prior DUIs in preceding twenty-four years to justify upward departure sentence was upheld on appeal; sentencing court sufficiently explained need to impose statutory maximum sentence "in order to protect the public and meet the rehabilitative needs of [the defendant]"), ***but see Commonwealth v. Goggins***, 748 A.2d 721, 732 (Pa. Super. 2000) (en banc) (defendant convicted of possession of cocaine with intent to deliver and sentenced to above-aggravated-range sentence of five to ten years' incarceration; sentence vacated on appeal where court double-counted defendant's prior record score, which was already included in mandatory minimum sentence, even where trial court was concerned about defendant's "continuing pattern of engaging in the same criminal activity despite two earlier convictions, thereby indicating lack of amenability to rehabilitat[e]").