**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Bernard MESSMER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.

Filed Dec. 1, 2004.

Candace Cain, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Karen T. Edwards, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: STEVENS, MUSMANNO, and MONTEMURO *, JJ.

## OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County, which sentenced Appellant to two and one-half to five and one-quarter years' imprisonment after Appellant pleaded guilty to first-degree misdemeanor driving under the influence of alcohol ("DUI"), 75 Pa.C.S.A. § 3731, and driving while his operator's privileges had been suspended—DUI related, 75 Pa.C.S.A § 1543(b). Appellant first argues that his sentence is illegal because it exceeds the statutory maximum of five years' imprisonment for a first degree misdemeanor, an argument with which the Commonwealth says it is constrained to agree. The trial court disagrees, explaining that Appellant's sentence aggregates the five year DUI sentence and the 90 day driving with suspended license sentence. Appellant also challenges the discretionary aspects of his sentence. We vacate and remand for correction of a defective written sentencing order.

¶ 2 On April 24, 2002, fifty-seven year old Appellant pleaded guilty to two counts of DUI, one count of careless driving, and one count of driving with a suspended license. Represented by retained counsel at his guilty plea colloquy, Appellant stated that he understood the maximum penalties he faced under his plea were two and one-half to five years' imprisonment for DUI, and ninety days' imprisonment for driving with a suspended license sentence. N.T. 4/24/02 at 2–3. Appellant's subsequent health problems and counsel's apparent disbarment caused repeated post-

---

ponement of sentencing until June 16, 2003, at which time Appellant was represented by newly retained counsel.

¶ 3 At the sentencing hearing, the court expressed concern with Appellant's presentence report, which showed five prior DUIs and a simple assault in the twenty-four years prior to the present offenses. It was the court's opinion that the report proved both Appellant's unwillingness to address a serious drinking problem and his callous disregard for public safety:

> **THE COURT:** Mr. Messmer, I'm appalled by your presentence report, because even the offense that's not a DUI I'll be willing to bet a hundred bucks was fueled by alcohol, the simple assault. You've got six DUIs starting in 1986[1], so you've had five other occasions to address the problem, and either you are unwilling or unable to do so, and I bet you if I go back into those files, that what I'm going to find is that your blood alcohol content is consistent with each and every one of those DUIs. This is two and a half times the legal limit. I have two sons. One just graduated from high school last week. The other one, second year in college, is going to be in his third year. They both drive. My wife drives. My secretary drives. The tipstaff drives. My deputy sheriff drives. My minute clerk drives. They're all at risk when you're out there because you have made a conscious decision that you don't give a damn about anybody. You are going to drink until you're falling-down drunk, and you're

> going to get behind the wheel of a car where you place my wife, my children, my family, my friends, and the people who I come in contact with [sic], those being any human being on the face of this earth, in grave danger of death or serious bodily injury because you believe it is your unfettered right to drink and drive and don't stop, and I would be remiss to impose any other sentence than I'm about to impose when you have had five prior opportunities to see the light. You haven't seen it.

> * * *

> I've read the presentence report and will note for the purpose of the record this is your sixth conviction for that particular offense. In light of the fact that you have been obviously unwilling to address this problem, I am going to do that for you.

> Accordingly, at Criminal Complaint 200014345 I'm going to sentence you to a period of incarceration of not less than two and a half nor more than five and a quarter years. There is also a $300 fine for driving under the influence, a $1,000 fine for driving while your operation privileges have been suspended. . . .

N.T. 6/16/03 at 11–12, 13–14. This sentence was considerably higher than the standard guideline range sentence of RS to nine months with a statutory mandatory minimum sentence of ninety days applicable to a misdemeanor one DUI with a prior record score of two.[2]

---

**1.** The presentence report begins in 1976, not 1986. The court acknowledges this fact in its 1925(a) opinion, and asserts that the misstatement did not affect his understanding of the report or his sentencing decision.

**2.** Inexplicably, Appellant's Guideline Sentence Form assigns an offense gravity score of two, a mandatory minimum sentence of 30 days, and a standard range of RS to 3 months

for what the form correctly identifies as an M1 DUI offense. Under 42 Pa.C.S.A. § 9721, however, an M1 DUI receives an offense gravity score of three and has a mandatory minimum sentence of 90 days. Moreover, with Appellant's prior record score of two, the standard guideline range sentence is RS to 9 months.

¶ 4 Appellant filed a timely post sentence motion to modify sentence "to be more reflective of the mandatory minimum sentence of thirty days" imprisonment. Petition for Modification of Sentence at 2. The allegedly poor representation of original counsel, Appellant's health problems, and Appellant's relinquishment of his vehicle were cited in support of Appellant's motion. The court denied the motion, and this appeal followed.

¶ 5 Appellant raises the following issue:

I. IS MR. MESSMER'S SENTENCE OF 2½ TO 5¼ YEARS TOTAL CONFINEMENT, WHICH IS BEYOND THE STATUTORY MAXIMUM FOR MISDEMEANOR 1 DUI, LEGAL, SUPPORTED BY THE RECORD, NOT EXCESSIVE AND UNREASONABLE, AND WAS COUNSEL INEFFECTIVE FOR FAILURE TO PRESERVE THE ISSUES FOR APPEAL, WHICH CAN BE ADDRESSED NOW UNDER GRANT?

Brief for Appellant at 4. Appellant thus challenges both the legality and the discretionary aspects of his sentence.

¶ 6 The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. *Commonwealth v. Murray*, 836 A.2d 956 (Pa.Super.2003). So long as jurisdictional requirements are met, an illegal sentence can never be waived, *Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super.2001), and must be vacated. *Commonwealth v. Alexander*, 811 A.2d 1064, 1066 (Pa.Super.2002). A sentence that exceeds the statutory limits of an offense is an illegal sentence which the court has no jurisdiction to impose. *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998).

¶ 7 Appellant claims that his five and one-quarter year maximum sentence exceeds the maximum sentence permissible for a first-degree misdemeanor DUI as provided for in 18 Pa.C.S.A. § 106. We must agree. The sentencing transcript reveals the court's obvious intent to impose consecutive sentences for DUI and driving with a suspended license, amounting to an aggregate sentence of five and one-quarter years, but the court failed to incorporate that intent clearly on its signed sentencing order. The order imposes the five and one-quarter year sentence on the DUI count alone, and imposes only a $1,000 fine for driving with a suspended license. Written Sentencing Order dated 6/16/03. "It is well-settled that the signed sentencing order takes precedence over oral statements of the sentencing court not incorporated into that order." *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1243 (1994). Accordingly, the defective sentencing order constrains us to vacate judgment of sentence and remand for resentencing.

¶ 8 In the interest of judicial economy, however, we choose to address Appellant's challenge to the discretionary aspects of his sentence, for the trial court's present opinion leaves no doubt that it will impose the statutory maximum sentence for Appellant's DUI conviction on remand, See Pa.R.A.P. 1925(a) opinion, and both parties have fully briefed the issue. We note initially that Appellant's guilty plea does not bar his discretionary challenge because there was no agreement as to the sentence Appellant would receive. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa.Super.2001) (acknowledging precedent that, where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a

challenge to the discretionary aspects of sentencing).

¶ 9 The particular discretionary challenges raised here, however, are raised for the first time on appeal, prompting Appellant to preserve them for direct review by couching them in an ineffective assistance of prior counsel claim. Nevertheless, ineffective assistance claims are generally deferred until collateral review as "oftentimes, demonstrating trial counsel's ineffectiveness will involve facts that are not available on the record." *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). One exception to this rule occurs where the evidentiary record is complete and enables the trial court to file a Pa.R.A.P. 1925(a) opinion addressing the merits of the ineffectiveness claim; appellate review on direct appeal is then appropriate. *Commonwealth v. Causey*, 833 A.2d 165 (Pa.Super.2003). In the case *sub judice*, a complete record and responsive trial court opinion permits review of this claim on direct appeal.

¶ 10 In order to establish a claim of ineffective assistance of counsel, a defendant must show that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super.2004). Counsel cannot be found ineffective for failing to raise a meritless claim. *Id.*

¶ 11 There is no automatic right to appeal from the discretionary aspects of one's sentence, and such an appeal, therefore, is considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). Two requirements must be met before such a challenge will be heard on the merits.

First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *Commonwealth v. Koren*, 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994); Pa.R.A.P. 2119(f). Second, he must raise a substantial question that the sentence imposed is inappropriate under the Sentencing Code. *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (1995); 42 Pa.C.S.A. § 9781(b). Appellant has satisfied the first requirement by supplying a concise statement in his brief, and the second by alleging that the court relied on factors already included in the guideline calculations when it imposed an upward departure sentence unsupported by sufficient reasons. *See Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa.Super.2000) (substantial question raised by claim that prior record was double-factored, and by claim that sentencing court failed to state adequate reasons on the record).

¶ 12 Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690, 693 (1995). The court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime. *Commonwealth v. Walls*, 846 A.2d 152, 154–55 (Pa.Super.2004).

¶ 13 "However, it has also been stated that broad discretion does not mean unfettered or unchecked discretion; rather the sentence must be consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Id.* (internal quotation marks and citations omitted).

The court *must* also consider the statutory Sentencing Guidelines, which were

promulgated in order to address the problems associated with disparity in sentencing. In imposing sentence, the record must demonstrate with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them. It is not enough for the court to pay token lip service to the sentencing guidelines simply as a prerequisite to impose whatever sentence it may choose. As we have previously noted, unless the particular facts of the case in question are distinguishable from the typical case of that same offense, a sentence in the standard range would be called for.

*Commonwealth v. Whitmore*, 860 A.2d 1032, 1037 (Pa.Super.2004) (internal quotation marks and citations omitted). Where the trial court deviates substantially from the sentencing guideline range "it is especially important that the court consider all factors relevant to the determination of a proper sentence." *Ritchey*, 779 A.2d at 1186–87. Such factors justifying an upward departure, however, may not include those already taken into account in the guidelines calculations. *Goggins*, 748 A.2d at 729. See also *Commonwealth v. Johnson*, 758 A.2d 1214, 1219 (Pa.Super.2000) (relying on Sentencing Commission's position that factors already used in Guidelines computations, including, *inter alia*, prior convictions, may not be used to justify an aggravated sentence).

¶ 14 We have reviewed the entire sentencing transcript and find that the court sufficiently explained its need to impose the statutory maximum sentence in order to protect the public and meet the rehabilitative needs of Appellant. As established in Appellant's pre-sentence report and again at his sentencing hearing, Appellant presented as the case of an uncommonly interminable drunk driver for whom a quarter century of DUI convictions, reha-

bilitative efforts, and suspensions of driving privileges have proven futile. Indeed, as indicated in his pre-sentence report and the court's Pa.R.A.P. 1925(a) opinion, Appellant continues to deny that he has a drinking problem despite his alarming record of driving with BACs usually at twice the legal limit or higher.

¶ 15 The sentencing court, therefore, did not arrive at its upward departure sentence by "double-counting" factors already incorporated into Appellant's guidelines calculations. Both his offense gravity score and prior record score unquestionably reflected the number of prior DUIs Appellant had committed in the past, but those scores did not capture the magnitude of the problem faced by the court as Appellant stood before it. For Appellant demonstrated a current state of mind to the court that he would simply not be affected by a standard punishment and rehabilitation effort. Twenty-five years after his first DUI, Appellant was still driving under a suspension, at two and a half times the legal BAC limit, and without the ability to maintain control of his car; and he was still denying to counselors that he had a drinking problem. This complete absence of regard for the law and for the public's safety moved the court to set the sentence it did. Such factors were independent of those already contemplated in the guidelines, and justified the statutory sentence imposed.

¶ 16 Accordingly, we find that the statutory maximum sentence was neither manifestly excessive nor too severe a punishment under the circumstances of this atypical case, and no abuse of discretion attended its imposition. Accordingly, prior counsel was not ineffective for failing to raise the meritless discretionary challenges herein raised.

¶ 17 Sentence vacated; Case remanded for re-sentencing consistent with this decision; Jurisdiction relinquished.

