J-S60043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                Appellee         :
                                :
            v.                   :
                                :
MOZA THEODORE RICHIE,            :
                                :
                Appellant        : No. 3153 EDA 2015

Appeal from the Judgment of Sentence September 15, 2015,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0002327-2015

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 20, 2016**

Moza Theodore Richie (Appellant) appeals from his September 15, 2015 judgment of sentence imposed after Appellant pled guilty to simple assault. In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The relevant factual and procedural history of this case can be summarized as follows. On March 5, 2015, Shania Frame (Frame) asked Appellant to drive her to her brother's home. N.T., 9/15/2015, at 27. Agreeing to do so, Appellant, Frame and Frame's one month-old daughter and thirteen year-old cousin entered Appellant's vehicle and headed to Media, Pennsylvania. ***Id.*** at 27-28. Frame testified that as soon as they

*Retired Senior Judge assigned to the Superior Court.

entered the highway Appellant pulled her hair and smacked her in the face. He continued to hit her, punching her several times with a closed fist for approximately 15 minutes. *Id.* at 28-29. Frame was eventually able to exit the car, but the altercation continued on State Street. At one point, Appellant drove away from Frame with the children still in the vehicle. After Appellant returned, Frame was able to remove the children from the car. While Frame held her daughter in the child's car seat, Appellant punched Frame in the side of the head with a closed fist. *Id.* at 30-35. Frame was eventually able to seek shelter in a local business where Frame's family member was working. *Id.* at 31, 34. Pertinent to this appeal, there was video evidence obtained by the investigating police officer from a Media Borough camera. *Id.* at 50-51.

Appellant was charged with three counts of simple assault, recklessly endangering another person, endangering the welfare of children, disorderly conduct, and two counts of harassment. Appellant proceeded to a jury trial. However, following the close of testimony and the trial court's ruling that only the charge of simple assault would be presented to the jury, Appellant entered an open guilty plea to simple assault.

Appellant was originally sentenced to a term of six months to twenty-three months of incarceration, a year of probation, anger management, and a stay-away order. After the Commonwealth questioned the legality of

Appellant's sentence, the trial court eliminated the one year of probation. *Id.* at 65.

Although still represented by counsel, Appellant *pro se* filed a notice of appeal. Prior counsel was allowed to withdraw and new counsel eventually entered his appearance. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

The following principles guide our review of this matter:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

> Our Supreme Court has clarified portions of the ***Anders*** procedure:
>
> Accordingly, we hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[1]  Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

Counsel presents the following issue that arguably supports this appeal:  "The [trial court] committed reversible error and abused its

---

[1] Appellant has not responded to counsel's petition to withdraw.

discretion in allowing a videotape of the scene to be published to the jury without proper foundation." Appellant's Brief at 9.

Before examining the issue presented, we note that when pleading guilty a defendant limits his ability to seek appellate review. **See Commonwealth v. Roden**, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed."). **See also Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004) ("The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence.").[2]

Because the issue presented does not challenge the trial court's jurisdiction, legality of the sentence, or voluntariness of Appellant's plea, we agree with counsel that any challenge to the trial court's evidentiary ruling is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[2] Appellant acknowledged on his written guilty plea colloquy that pleading guilty "will have the effect of limiting [his] direct appeal rights to a higher court reviewing only challenges to [the trial] court's jurisdiction; the legality of [the] sentence; and/or whether [the] plea(s) were voluntarily, knowingly and intelligently entered." Written Guilty Plea Colloquy, 9/15/2015, at 5 (unnumbered).

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016