J-S07014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC BAKER | : | |
| | : | |
| Appellant | : | No. 2397 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002099-2016

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: Filed: March 23, 2020

Appellant Eric Baker appeals from the judgment of sentence entered after a jury found him guilty of robbery, theft by unlawful taking, and simple assault.[1] On appeal, Appellant challenges the weight of the evidence and the discretionary aspects of his sentence. We affirm.

We state the facts as set forth by the trial court:

On Saturday[,] November 7, 2015, at approximately 5:30 PM, Appellant approached the locked door of . . . a hat store located [in] Philadelphia, PA. Appellant told the owner, Soo Ja Kim, [who was then seventy-one years old], he needed a hat for his mother's funeral. Ms. Kim let him in and watched Appellant as he stood in the middle of the store. Smelling strongly of alcohol when he approached Ms. Kim, she told him to "come back next time." Suddenly, he grabbed her neck with both his hands, and strangled her saying, "Give me money. I just came out of prison and I need

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1), 3921(a), and 2701(a), respectively.

money." She fell to the ground, then went to the cash register, and gave Appellant $600. Appellant then ordered her to "take off [her] clothes and go to the back." As she was removing her jacket, boxes and hats fell from the wall, which she used as an opportunity to escape the building. Ms. Kim ran next door and called the police, who arrived shortly thereafter, unable to locate . . . Appellant.

Philadelphia Police Officer Frank Sackowsky, while on patrol, received the 911 call for the robbery . . . . He arrived on the scene at 5:59 PM, and obtained a description of the perpetrator in order for the police to conduct a search in the area. Ms. Kim described her assailant as a [b]lack male weighing approximately 160 pounds, standing 5 [feet] 8 inches, and wearing black clothing.

Ms. Kim testified she saw . . . Appellant three more times before his arrest on Friday evening November 13, 2015, nearly a week after the robbery. The first occasion was on Thursday evening November 12, 2015, five days after the robbery. Ms. Kim was taking out the trash and passed by John Lewis, also known as "Johnnie," an employee at the neighboring [shop] when she saw Appellant walking on the other side of the street. "Shaking," she pointed Appellant out to Mr. Lewis and recognized him as an individual Mr. Lewis would regularly spend time with in the mornings on the corner of the street. Mr. Lewis explained to Ms. Kim that though she referred to Appellant as his "brother," he used that term to describe Appellant as his friend, and not his actual blood relative.

The next morning, on Friday[,] November 13, 2015, Ms. Kim saw Appellant for a second time. Startled, she hid herself in her store as she watched him walk by. Finally, [later that day], at around 6 PM, Ms. Kim saw Appellant with Mr. Lewis across the street from her store. Mr. Lewis walked over with Appellant who was either high or inebriated at the time and asked Ms. Kim whether Appellant was the man who robbed her. After she confirmed Appellant's identity as the perpetrator of the robbery, Mr. Lewis called the police and Appellant was arrested shortly thereafter.

On February 10, 2016, Ms. Kim identified Appellant in a lineup as the perpetrator of the crime.

Trial Ct. Op., 6/20/19, at 2-4 (citations omitted). At trial, we note that Appellant's trial counsel cross-examined Ms. Kim and Mr. Lewis about Ms. Kim's identification and highlighted contradictions and discrepancies in her testimony. *See, e.g.*, N.T. Trial, 12/18/17, at 28. Ultimately, the trial court issued a *Kloiber*[2] instruction. *Id.* at 129. A jury convicted Appellant of the above crimes. The trial court sentenced Appellant to an aggregate sentence of ten to twenty years' imprisonment.[3]

Appellant timely filed a post-sentence motion challenging the weight of the evidence and the discretionary aspects of his sentence. On August 9, 2018, the trial court denied Appellant's post-sentence motion by operation of law.

Appellant timely appealed. On January 8, 2019, Appellant filed a Rule 1925(b) statement.[4] On appeal, Appellant raises the following issues:

---

[2] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954). "A *Kloiber* instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions." *Commonwealth v. Colon*, ____ A.3d ____, ____, 2020 PA Super 43, 2020 WL 856453 at *5 (filed Feb. 21, 2020) (citation omitted).

[3] We discuss the sentencing hearing in further detail below.

[4] On August 30, 2018, Appellant filed a preliminary Pa.R.A.P. 1925(b) statement and a motion for extension of time to file a supplemental Rule 1925(b) statement pending receipt of the notes of testimony. The statement asserted that on August 14, 2018, the trial court ordered Appellant to file a Rule 1925(b) statement, but the order is not in the docket or the record. The

1. Did the trial court err when it found Appellant . . . guilty of the criminal offenses . . . as the verdict was against the weight of the evidence?

2. Did the trial court err when it sentenced Appellant . . . to not less than nine (9) years to not more than eighteen (18) years incarceration for robbery . . . as this sentence "departed" from or was outside (*i.e.* above) the Pennsylvania Sentencing guidelines and, due to the fact that there were mitigating factors, this sentence was "manifestly excessive?"

Appellant's Brief at 2.

In support of his first issue, Appellant argues that Ms. Kim's identification of Appellant was unreliable. Appellant highlights discrepancies in the testimony of Ms. Kim and other witnesses, which in his view undermine the reliability of Ms. Kim's identification. ***Id.*** at 29-31. For example, Appellant asserts that Ms. Kim testified she did not know Appellant, but that Mr. Lewis testified that Ms. Kim recognized Appellant as Mr. Lewis's "brother." ***Id.*** at 29-30. Another example was that Ms. Kim described her assailant as having a full beard, but when she identified Appellant on November 13, 2015, he was clean shaven. ***Id.*** at 32. Appellant concludes that because Ms. Kim's identification was inconsistent and unreliable, the verdict was against the weight of the evidence. ***Id.*** at 32-33.

---

trial court never ruled on Appellant's motion for extension of time, but on October 2, 2018, the trial court again ordered Appellant to comply with Rule 1925(b). On October 22, 2018, Appellant filed another motion for extension of time, which the trial court did not rule on. Neither the trial court nor the Commonwealth has stated that Appellant's Rule 1925(b) statement was untimely.

The standard of review for a claim that the verdict is against the weight

of the evidence is well-settled:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised

on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Soto*, 202 A.3d 80, 97 (Pa. Super. 2018) (citation and quotation marks omitted). "[E]vidence of identification need not be positive and certain to sustain a conviction. . . . Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight." *Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted).

Instantly, it was for the jury to evaluate the reliability of Ms. Kim's identification testimony, as well as any conflicting testimony. *See id.* Appellant's trial counsel cross-examined Ms. Kim and Mr. Lewis regarding Ms. Kim's identification testimony and highlighted the discrepancies at trial. *See, e.g.*, N.T. Trial, 12/18/17, at 28. Indeed, the trial court gave a *Kloiber* jury instruction given the contradicting testimony. *Id.* at 129. The jury resolved the conflicts and credibility adverse to Appellant, and we cannot find that the trial court abused its discretion in denying Appellant's weight claim. *See Soto*, 202 A.3d at 97.

Before summarizing Appellant's argument for his second issue challenging the discretionary aspects of the sentence, we set forth the following as background. After the jury convicted Appellant, the trial court ordered a pre-sentence investigation and mental health evaluation reports.

The trial court then held a sentencing hearing, at which the parties agreed that the standard range sentence for felony-one robbery was sixty to seventy-two months, plus or minus twelve months. N.T. Sentencing Hr'g, 4/2/18, at 5. The trial court also noted it had Appellant's pre-sentence investigation and mental health evaluation reports. *Id.* at 3. The Commonwealth requested (1) nine to eighteen years' imprisonment for robbery followed by one to two years' imprisonment for simple assault, or, in the alternative (2) ten to twenty years' imprisonment for robbery with a concurrent sentence of one to two years' imprisonment for simple assault. *Id.* at 6. The trial court asked the Commonwealth if the recommended sentences exceeded the standard sentencing guidelines. The Commonwealth replied in the affirmative and acknowledged that both of the recommended robbery sentences were "aggravated" sentences:

> THE COURT: Is your request outside of the guidelines?
>
> [Assistant district attorney]: It is, Your Honor, and the Commonwealth is asking to aggravate despite the guidelines in this case.
>
> THE COURT: Is this a legal sentence?
>
> [Assistant district attorney]: This would be a legal sentence, Your Honor, as it -- it is the maximum sentence that Your Honor can give on the robbery. As I stated before, Your Honor, 10 to 20 is the max that Your Honor could give on the robbery charge and 1 to 2 years is the maximum sentence Your Honor could give on the simple assault. Ten to 20 years on the robbery and a 1 to 2 year concurrent sentence on simple assault, making the total sentence 10 to 20 years a legal sentence. It is the legal maximum that Your Honor can give. Your Honor could also give a 9 to 18 on the F1 robbery and a 1 to 2 on the simple assault and make those

- 7 -

consecutive. That would also be a legal sentence. Nevertheless, 9 to 18 would also be an aggravated sentence for that robbery. The Commonwealth has stated its specific reasons why aggravating in this case is appropriate. This is not a simple corner robbery where someone gets, you know, held up and they take their money and run away quickly. This is a physical attack on Ms. Kim, an elderly immigrant woman in her own shop where she had no one to help her and no one was able to see what was going on. She was physically assaulted and robbed and potentially worse, possibly raped in the back of her store. So based on all of that, that is why the Commonwealth is asking for that maximum sentence.

*Id.* at 15-16.

After hearing from Appellant's counsel, who requested a standard guideline sentence of sixty to seventy-two months' imprisonment, the trial court stated as follows:

I'm in agreement with the Commonwealth that this sentence should be aggregated and I do aggravate your sentence for the following reasons:

The victim in this case was female. Additionally, the victim was elderly. She was 71 years old. I also aggravated based on your lack of remorse for your actions. I further aggravate this sentence on the repetitiveness of your crime. This is not your first robbery. It is, in fact, your third robbery.

I'm sentencing you to 9 to 18 years on the robbery and 1 to 2 years on the simple assault [to be served consecutively].

*Id.* at 25-26.

On appeal, Appellant challenges his sentence as manifestly excessive. Appellant's Brief at 35, 37. Appellant faults the trial court for describing the sentence as "aggravated" as opposed to a "departure" sentence. *Id.* at 37. In Appellant's view, this error violated 42 Pa.C.S. § 9721(b), and he must be

resentenced. *Id.* at 38. Appellant also argues that the sentence was excessive given his mental health issues and alcoholism. *Id.* Because the sentence was more punitive than rehabilitative, Appellant asserts he should be resentenced. *Id.*

It is well-settled:

A challenge to the discretionary aspects of a sentence is not appealable as of right. Therefore, before we may exercise jurisdiction to reach the merits of [the defendant's] claim, we must verify that [the defendant's] appeal is properly before this Court—that is, that his appeal was timely filed and that the issues he seeks to raise were properly preserved. If so, we must then determine whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Appellate Rule 2119(f), and whether that concise statement raises a substantial question that the sentence is appropriate under the sentencing code. Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of [the defendant's] claim.

\* \* \*

A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process.

*Commonwealth v. Luketic*, 162 A.3d 1149, 1159-60 (Pa. Super. 2017) (citations omitted and formatting altered). A claim that the trial court imposed a manifestly excessive sentence raises a substantial question. *Commonwealth v. Roane*, 204 A.3d 998, 1002-03 (Pa. Super. 2019). Here, Appellant has timely filed a notice of appeal, preserved his issue in a post-sentence motion, included a Rule 2119(f) statement, and has raised a

- 9 -

substantial question.  *See id.*; *Luketic*, 162 A.3d at 1159-60.  We therefore

examine Appellant's sentencing claim.

Our review is governed by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but is not bound by the Sentencing Guidelines.  A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community.  When a court chooses to depart from the guidelines however, it must demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Further, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable.  An appellate court must vacate and remand a case where it finds that the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citations

omitted and formatting altered).  The inquiry into the reasonableness of a

sentence is difficult to define.  *Commonwealth v. Walls*, 926 A.2d 957, 964

(Pa. 2007).

When reviewing the record, 42 Pa.C.S. § 9781 requires that we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

"A sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors . . . ." **Walls**, 926 A.2d at 964. Additionally, a sentence may also be unreasonable if it was imposed "without express or implicit consideration" of the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community as required by 42 Pa.C.S. § 9721(b). **Id.**

> This Court has held that
>
> where the trial court deviates substantially from the sentencing guideline range it is especially important that the court consider all factors relevant to the determination of a proper sentence. Such factors justifying an upward departure, however, may not include those already taken into account in the guidelines' calculations.

**Commonwealth v. Messmer**, 863 A.2d 567, 573 (Pa. Super. 2004) (citations omitted and formatting altered). This Court should not reweigh the proper sentencing factors considered by the trial court and impose our own

judgment in the place of the trial court. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

Here, as set forth above, the trial court was aware of the sentencing guidelines and considered the sentencing recommendations of both parties. N.T. Sentencing Hr'g at 5. Following our review of the factors set forth in Section 9781(d), we conclude that the trial court properly considered the nature and circumstances of the offense and the history and characteristics of Appellant, in addition to the sentencing guidelines. ***See*** 42 Pa.C.S. § 9781(1). Moreover, the trial court had ample opportunity to observe Appellant at trial and sentencing, and it had the benefit of a pre-sentence investigation and mental health evaluation reports. ***See id.***; ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007) (stating that when PSI exists, we "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"); ***see also*** N.T. Sentencing Hr'g at 3. The trial court outlined its reasons for imposing Appellant's sentence, which expressed appropriate consideration for the protection of the public, the gravity of the offense and the impact on the life of Ms. Kim, as well as Appellant's rehabilitative needs and mitigating factors. ***See*** N.T. Sentencing Hr'g at 25-26; 42 Pa.C.S. § 9721(b). Accordingly, Appellant's claims are meritless, and we see no reason to disturb the trial court's sentencing determinations.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/20