J-S28038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :   PENNSYLVANIA
                                        :

              v.                      :
                                        :
                                        :
HASAN T.T. HAROLD              :
                                        :
         Appellant       :   No. 1221 EDA 2020

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002620-2018

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:     **FILED SEPTEMBER 27, 2021**

Hasan T.T. Harold (Harold) appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  After he was convicted of several sex offenses, Harold received an aggregate prison sentence of 20-40 years, which was beyond the recommended range of the statutory sentencing guidelines.  Harold now contends that the length of his sentence is excessive, and that the trial court did not properly consider statutorily mandated sentencing factors.  Finding no merit in either claim, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

All of the subject convictions stem from an incident in 2018 when the 9-year-old victim, S.S., was sleeping in the home of Harold, her stepfather. Late one evening, the child was woken up by Harold and upon seeing his exposed penis, she ran into a bathroom and locked the door. Harold then unlocked the bathroom door and unsuccessfully attempted to engage in oral sex.

During this encounter, Harold also inserted a finger into the child's anus, causing her pain. The child managed to escape the bathroom and wake up her older cousin who had also been sleeping at the residence that night. The child and her cousin locked themselves in a bedroom and called the child's mother who, in turn, reported the incident to the police.

Harold was charged with attempted involuntary deviate sexual intercourse (IDSI) with a child; attempted aggravated indecent assault; indecent assault of a person less than 13 years of age; and endangering the welfare of a child. Following a jury trial, he was found guilty of those four charges.

For attempted IDSI, the recommended range under the guidelines was 6 to 7.5 years, plus or minus one year; Harold received 10 to 20 years. For aggravated indecent assault of a child, the recommended range under the guidelines was 4 to 5.5 years, plus or minus one year; Harold received 5 to 10 years. For assault of a person less than 13 years of age, the recommended range under the guidelines was 3 to 14 months, plus or minus 3 months;

Harold received 2.5 to 5 years. For endangering the welfare of a child, the recommended range under the guidelines was 3 to 14 months, plus or minus 3 months; Harold received 2.5 to 5 years.

The aggregate recommended range was 13 years to 17 years and 10 months, and the terms imposed on each count exceeded the guidelines. All four terms were set to run consecutively, for a total range of 20 to 40 years.

Harold filed a post-sentence motion challenging the sentence and it was denied by operation of law. He then timely appealed, raising two related issues in his brief:

> 1. Did not the [trial] court err and abuse its discretion by sentencing Mr. Harold to an aggregated sentence of twenty to forty years that is higher than the aggravated range of the sentencing guidelines without giving adequate reasons, on the basis of considerations, including the nature of the offenses, that were already factored into the sentencing guidelines; the lower court further erred by failing to give proper consideration to Mr. Harold's personal needs and mitigating factors, and as a result the sentence is contrary to the fundamental norms underlying the sentencing process and was manifestly unreasonable and excessive?
>
> 2. Did not the trial court err and abuse its discretion by sentencing Mr. Harold to a manifestly excessive period of incarceration and supervision?

Appellant's Brief, at 3.

**II**.

Harold first contends that the trial court abused its discretion[1] by imposing sentences above the recommended guidelines range without considering the correct sentencing factors. He asserts that the trial court improperly relied on the nature of the crimes as an aggravating factor, while ignoring mitigating circumstances and Harold's personal needs.[2]

In reviewing the propriety of a sentence, an appellate court must consider whether the "procedures followed by the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Goggins***, 748 A.2d 721, 726-27 (Pa. Super. 2000). "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

---

[1] Sentencing is subject to an abuse of discretion standard of review. ***See Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). To be entitled to relief, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006).

[2] We have jurisdiction to consider the merits of Harold's sentencing because as the Commonwealth concedes, he has raised issues that pose a substantial question as to whether the sentence is appropriate under the Sentencing Code. ***See*** Brief of Appellee, at 7-8 (citing ***Commonwealth v. Goggins***, 748 A.2d 721, 726-28 (Pa. Super. 2000)); ***see also*** 42 Pa.C.S. § 9781(b).

the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

"When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable." *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007). This inquiry involves four factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

Pa.C.S. § 9781(d).

"[W]here the trial court deviates substantially from the sentencing guidelines range it is especially important that the court consider all factors relevant to the determination of a proper sentence. Such factors justifying an upward departure, however, may not include those already taken into account in the guidelines' calculations." *Commonwealth v. Messmer*, 863 A.2d 567, 573 (Pa. Super. 2004) (citations omitted).

"[T]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citations omitted). The sentencing court's findings are afforded great weight because it is in the best position to consider the nature of the crime, the

defendant's character, and the defendant's display of remorse, defiance or indifference. *See Commonwealth v. Mouzon*, 828 A.2d 1126, 1127 (Pa. Super. 2003).

In this case, Harold received four sentencing terms that each fell within the maximum penalty that could have been legally imposed. Although the trial court upwardly departed from the recommended guidelines sentences on all four counts, the reasons justifying upward departure were stated on the record in accordance with the mandated statutory factors outlined above. First, the trial court expressly stated that it had reviewed Harold's mental health evaluation and the presentence investigation report, which contained all his mitigating circumstances and rehabilitative needs. *See* Sentencing Transcript, 12/3/2019, at p. 4; *see also Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (where trial court has the benefit of a presentence report, it is presumed that the trial court "was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors in determining the sentence.").

Second, the trial court considered the impact on the victim, emphasizing that "what stands out in my mind is when [the victim] took the stand and she was asked to identify [Harold], she pointed him out as the man who used to be my father, which I found shocking that someone so young had conditioned herself for disconnect from this person." *Id*. at p. 13. The trial court noted

that "prior to meeting [Harold], her life was normal and that her life felt good before she had met him[.]" *Id*. It was explained that the aggregate upward departure sentence was based on Harold's "lack of remorse, lack of acknowledgment of the crime," and failure to protect the child in his role as a parent. *Id*. at 15.

These findings were sufficient to satisfy the applicable provisions of the Sentencing Code. The required sentencing factors were given due consideration and none of the reasons given for upward departure had already been taken into account in the guidelines' calculations. Thus, the trial court did not abuse its discretion in imposing an upward departure sentence because all the requisite sentencing factors were properly weighed.

## III.

Harold next contends that his sentence is excessive and manifestly unreasonable. Such claims are reviewed under an abuse of discretion standard as outlined above. Briefly, a sentence may be found to be unreasonable if the four factors enumerated in Section 9781(d) are not weighed by the trial court. A sentence may also be unreasonable if the trial court does not impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *see Walls*, 926 A.2d at 566-67.

For the reasons previously stated, we find that the trial court did not impose an excessive or manifestly unreasonable sentence. The aggregate sentence was sufficiently individualized to comport with the applicable sentencing factors. The trial court reviewed Harold's mental health evaluation and presentence investigation report, but weighed more heavily Harold's lack of remorse and the impact his crimes had on his stepdaughter. On these facts, there is no basis on which we can conclude that the sentence was excessive or manifestly unreasonable. Thus, finding no abuse of discretion, we hold that the sentence must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2021