J-A27044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL DOXY | : | |
| | : | |
| Appellant | : | No. 1859 EDA 2019 |

Appeal from the Order Entered April 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001978-2018

BEFORE: PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:            **FILED MARCH 29, 2022**

Emmanuel Doxy ("Appellant") appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas after he pleaded guilty to Accident Involving Death or Personal Injury and Homicide by Vehicle.[1] He challenges discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On January 28, 2018, while driving on I-76 in Lower Merion Township, Appellant struck Michael House ("Victim"), a tow truck driver who was wearing a reflective vest while standing on the side of the road next to his parked tow truck. Appellant fled the scene without calling the police or rendering assistance. Other drivers who witnessed the incident did stop, however, including a driver whose

---

[1] 75 Pa.C.S. §§ 3742(b)(3)(i) and 3732(a), respectively.

dashcam video recorded the incident, which led police to Appellant. When police arrived at Appellant's house later that day, Appellant, who had been smoking marijuana, initially denied knowledge or involvement in the crash. The police, however, found the Victim's reflective safety vest embedded in the front bumper of Appellant's car.

On January 29, 2018, the Commonwealth charged Appellant with the above crimes. On February 8, 2019, the court accepted Appellant's open guilty plea and deferred sentencing until the completion of a presentence investigation ("PSI") report and a Probation and Parole Intervention evaluation.

On April 30, 2019, the court held Appellant's sentencing hearing, at which Eric Quackenbush, the probation officer who prepared the PSI Report, testified that he erroneously failed to include several prior New Jersey convictions in the PSI report because he did not see them listed in public dockets. As a result, he had calculated Appellant's prior record score as 4 based on the prior convictions that he was able to locate. After the Commonwealth presented him with copies of New Jersey dockets showing Appellant's prior convictions in that state, Mr. Quackenbush stated that, based on the information in the dockets, he should have calculated Appellant's prior record score as 5. The court admitted the documents. Appellant did not object to their admission or to Mr. Quackenbush's testimony. The court found that the evidence supported a prior record score of 5.

Four members of the Victim's family, Appellant's mother and wife, and Appellant himself then testified at the sentencing hearing. At the conclusion of the hearing, the court stated, among other things, that it had considered the PSI Report, the fact that Appellant had demonstrated remorse, Appellant's cooperation with the Commonwealth, and the fact that his guilty plea had spared the Commonwealth the burden of a trial. N.T. Sentencing, 4/30/2019, at 63. The court then sentenced Appellant to a standard range sentence of 5 to 10 years' incarceration for his conviction of Accidents Involving Death or Personal Injury. For the Homicide by Vehicle conviction, the court sentenced Appellant to 3½ to 7 years' incarceration, an upward departure from the guidelines.[2] It ordered the sentences to run consecutively. On May 3, 2019, the court entered a statement of "written reasons for consecutive sentences and sentencing guideline departure" onto the docket. Order, 5/3/2019.

After the denial of his post-sentence motion, Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

---

[2] Homicide by Vehicle is a third-degree felony with an offense gravity score of 6. Based on Appellant's prior record score of 5, the sentencing guidelines recommend a standard range sentence between 21 and 27 months, and an aggravated range sentence between 27 and 33 months. Appellant's minimum sentence of 36 months is, thus, above the aggravated range, but within the statutory limit of seven years.

[3] After Appellant filed his Rule 1925(b) Statement, this court granted his counsel's motion to withdraw, directed the trial court to determine whether Appellant was eligible for court-appointed counsel, and vacated the appellate briefing schedule. The trial court did not appoint new counsel until February 11, 2021.

Appellant raises the following issues for our review:

1. Whether the [s]entencing [c]ourt abused its discretion by grading a foreign conviction higher than its equivalent Pennsylvania offense would have been graded for purposes of determining Appellant's prior record score?

2. Whether the [s]entencing [c]ourt abused its discretion by imposing a sentence that was an upward departure from the Sentencing Guideline[s] for the conviction of homicide by vehicle without considering mitigating factors upon fashioning its sentence?

3. Whether the [s]entencing [c]ourt abused its discretion by imposing an aggregate sentence of 8½ years to 17 years imprisonment upon convictions of accidents involving death and homicide by vehicle where the length of imprisonment fails to consider mitigating factors and is unduly excessive considering the nature of the crimes[?]

Appellant's Br. at 5.

Each issue challenges discretionary aspects of Appellant's sentence. As such, Appellant is not entitled to an appeal as of right. ***Commonwealth v. Roberts***, 133 A.3d 759, 774 (Pa. Super. 2016). An appellant bringing a challenge to the discretionary aspects of his sentence must invoke this Court's jurisdiction by (1) preserving the issue at sentencing or in a post-sentence motion; (2) filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) Statement within his appellate brief; and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797-98 (Pa. Super. 2015).

In order to preserve a challenge to the discretionary aspects of his sentence, an Appellant must preserve the particular legal theory that he makes on appeal either at sentencing or in a post-sentence motion, so that

the sentencing court has "the opportunity to reconsider the imposition of the sentence." **Tejada**, 107 A.3d at 798-99 (Pa. Super. 2015); **see also** Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claim for relief "with specificity and particularity"). Thus, an appellant who challenges the discretionary aspects of his sentence in a post-sentence motion may only argue on appeal the specific arguments he included in his post-sentence motion. **See, e.g., Commonwealth v. Rivera**, 238 A.3d 482, 499 (Pa. Super. 2020) (finding Appellant waived discretionary aspects of sentence claim because, "while he filed a post-sentence motion raising a discretionary[] claim, that claim differ[ed] from the claim he present[ed] on appeal").

Our review reveals that Appellant failed to preserve the claims asserted in his first and third issues before this Court by raising them at sentencing or in his post-sentence motion with specificity. For instance, in his first issue, Appellant argues that the sentencing court miscalculated his prior record score by grading his prior New Jersey conviction as a felony instead of a misdemeanor where his New Jersey felony conviction carried a maximum sentence comparable to the equivalent Pennsylvania misdemeanor offense. Appellant's Br. at 23-32. Appellant did not raise this issue at sentencing. In his post-sentence motion, Appellant argued only that, because the "[d]istrict [a]ttorney did not put into evidence any certified copies of the criminal records from New Jersey," the sentencing court should not have calculated a prior record score that conflicted with the score in his PSI Report. Motion for Reconsideration, 5/3/2019, at ¶ 4(d).

In his third issue, Appellant avers that the sentencing court abused its discretion by imposing a sentence that was "unduly excessive considering the nature of his crimes." Appellant's Br. at 5. Appellant did not argue, either at sentencing or in his post-sentence motion, that his sentence was unduly excessive or otherwise disproportionate to the nature of his crimes.

Appellant's failure to provide the sentencing court an opportunity to address these claims renders them unpreserved for appellate review. We, thus, find Appellant's first and third issues waived.

In his second issue, Appellant argues that the sentencing court abused its discretion by imposing a sentence that was "an upward departure from the Sentencing Guidelines . . . without considering mitigating factors[.]" Appellant's Br. at 5. Appellant preserved this argument in his post-sentence motion. *See* Motion for Reconsideration, 5/3/2019, at ¶¶ 4(a) and (c) (arguing that the court "gave no mitigation to [Appellant] for his non-negotiated guilty plea" and failed to "place the required specific reason for giving sentences in the aggravated range[.]"). Having found that Appellant preserved this issue, we consider whether he has raised a substantial question.

Appellant argues that, because his sentence of 3½ to 7 years for his conviction of Homicide by Vehicle "is an upward departure from the Sentencing Guideline[s,]" the sentence was "unreasonable because the Sentencing Court failed to consider mitigating factors[.]" Appellant's Br. at 34-35. This argument presents a substantial question for our review. *See Commonwealth v. Kearns*, 150 A.3d 79, 85 (Pa. Super. 2016) ("claim that

insufficient reasons supported Appellant's upward departure sentence[] raises a substantial question for our review"). Thus, we consider it on the merits.

We review a challenge to the discretionary aspects of sentence for abuse of discretion. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment of reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted). Moreover, our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009). 42 Pa.C.S. § 9781(c) provides that, when reviewing a sentence that falls outside of the Sentencing Guidelines, this Court may only vacate a sentence that is unreasonable. 42 Pa.C.S. § 9781(c)(3). A sentence outside of the guidelines is unreasonable when the court imposes it without considering all of the factors that the Sentencing Code requires the court to consider. *Commonwealth v. Durazo*, 210 A.3d 316, 321 (Pa. Super. 2019). The weighing of these factors, however, is "exclusively for the sentencing court," and an appellate court cannot substitute its own judgment for the sentencing court's on appeal. *Commonwealth v. Bowen*, 975 A.2d 1120, 1123 (Pa. Super. 2009). Moreover, when the sentencing court has the benefit of a PSI report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those

considerations along with any mitigating factors" when imposing sentence. ***Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

The Sentencing Code requires a sentencing court to take into account "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" when imposing sentence. 42 Pa.C.S. 9721(b). "[W]here [a sentencing] court deviates substantially from the sentencing guidelines range it is especially important that the court consider all factors relevant to the determination of a proper sentence." ***Commonwealth v. Messmer***, 863 A.2d 567, 573 (Pa. Super. 2004) (citation and internal quotation marks omitted). A sentencing court must also provide a "statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. 9721(b). A sentencing court satisfies this requirement when "the judge states his reasons for the sentence on the record and in the defendant's presence." ***Durazo***, 210 A.3d at 321 (citation omitted).

In the instant case, the sentencing court acknowledged that Appellant's sentence for the Homicide by Vehicle conviction fell outside of the sentencing guidelines and filed a list of "reasons for . . . sentencing guideline departure." Order, 5/3/2019. In its oral statement at the sentencing hearing, the court also noted that it considered the PSI report, the Sentencing Code, the sentencing guidelines, and the testimony and arguments presented at the sentencing hearing. N.T. 4/30/19 at 63. The court specifically "recognize[d]

that this defendant entered an open plea of guilty[,] not putting the Commonwealth through a trial[,]" that Appellant was "remorseful, that he did not intend to kill anyone," and that the sentence would have a negative impact on Appellant's family. *Id.* It also considered "what [Appellant] did intend to do: He did intend to leave the scene of an obvious accident[,] to leave the scene of that accident even though it was likely that someone had been injured or hurt, due to the severity of the impact[,] to smoke marijuana [afterwards instead of] call[ing] the police or report[ing] the accident[, and] to lie to police when they came and spoke to him." *Id.* at 64. In addition, it considered the particular conduct at issue, where Appellant struck the Victim despite the fact that he was wearing a reflective safety vest and standing next to a parked tow truck, and so was highly visible. *Id.* The court also considered Appellant's particular history of moving violations, which included evading a license suspension in New Jersey by obtaining a license in Pennsylvania, and the resulting "need for public protection." *Id.* at 65. In its written statement, the court elaborated that Appellant's repeated pattern of ignoring traffic laws "makes him dangerous to law-abiding people and therefore, the sentence is necessary to protect the public." Order, 5/3/2019, at 1-2. It also noted that the sentence outside the guidelines was necessary because "[p]revious sentences have failed to rehabilitate [Appellant]." *Id.* at 2.

Appellant argues that "[b]y imposing the statutory maximum sentence for the homicide by vehicle conviction, the [s]entencing [c]ourt clearly did not consider Appellant's decision to take responsibility for his actions . . . as

mitigation in fashioning the sentence." Appellant's Br. at 35-36. Essentially, he argues that the sentencing court, despite its statements to the contrary, must not have considered mitigating factors or it would have imposed a lower sentence. This argument is unavailing. While the sentencing court must consider certain factors when determining a sentence, it is free to weigh those factors as it sees fit. This court may not reweigh those factors and substitute our judgment for the sentencing court's, as Appellant asks us to do here. It is clear from the record that the sentencing court did consider the fact that Appellant pleaded guilty and cooperated with the prosecution, but still concluded that a sentence above the aggravated range was appropriate in light of the gravity of the conduct at issue, the need to protect the public, and Appellant's rehabilitative needs. Appellant's argument thus fails.

In conclusion, the record belies Appellant's claim that his sentence was unreasonable because the court failed to consider mitigating factors when imposing sentence. To the contrary, the record shows that the court considered the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Appellant, and set forth its reasons for imposing its sentence on the record. Moreover, because the court also considered the PSI report, we presume that it was aware of the defendant's character and considered all mitigating factors.

Having found all of Appellant's claims either waived or meritless, we affirm the Judgment of Sentence.

- 10 -

Judgment of Sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022