J-A12023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN HARVEY | : | |
| | : | |
| Appellant | : | No. 1015 MDA 2020 |

Appeal from the PCRA Order Entered July 10, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005198-2015

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: OCTOBER 22, 2021**

Norman Harvey appeals, *pro se*, from the order, entered in the Court of Common Pleas of Dauphin County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  Upon careful review, we affirm.

This Court previously set forth the factual and procedural history of this matter as follows:

---

[1] Harvey's *pro se* notice of appeal states that the appeal is "from the July 10, 2020, Order . . . denying the Defendant Post-Conviction Relief, from the sentencing Order and Judgment of sentence imposed thereon, dated April 19, 2016 . . ., and the Order denying the Defendant's Post Sentence Motion[.]" Notice of Appeal, 8/5/20.  While Harvey purports to appeal from the judgment of sentence and the order denying his post-sentence motions, as well as from the July 10, 2020 order dismissing his PCRA petition, the appeal properly lies from the PCRA court's July 10, 2020 order dismissing the PCRA petition.  ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (correcting caption when appellant misstates order from which appeal lies).

In June 2015, Frederick McCarty was arrested after presenting a forged prescription to a pharmacy. While he was in custody, McCarty informed store security that his friend "Q" (later identified as [Harvey]) and another person named Steven Smith were outside in a vehicle with a glove box full of cocaine, heroin, and prescriptions. Police were called, and they located the vehicle with [Harvey] and Smith inside. The vehicle contained a forged prescription for Oxycodone in Smith's name, thirteen vials of cocaine, four bundles of heroin, two Oxycodone tablets, four Suboxone films, four cell phones, a paper cutter, and sixteen sheets of white paper with two counterfeit prescriptions on each page.

[Harvey] was charged with various crimes in connection with this incident. On April 19, 2016, [Harvey] entered a negotiated guilty plea to one count of criminal attempt to acquire a controlled substance by fraud; four counts of conspiracy to acquire a controlled substance by fraud; three counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; and one count of unlawful possession of instruments of a crime. The trial court sentenced him on the same date to an aggregate term of 10 to 23 months in prison in accordance with the plea agreement. [Harvey] did not file a post-sentence motion or appeal.

On October 13, 2016, [Harvey] timely filed a petition pursuant to the [PCRA], alleging, *inter alia*, that his plea counsel was ineffective for failing to file a post-sentence motion to withdraw his guilty plea. Following appointment of counsel and a hearing, the PCRA court reinstated [Harvey's] post-sentence and appellate rights[,] *nunc pro tunc*[,] and provided [Harvey] with twenty days from the date of its order in which to file a post-sentence motion.

[Harvey] complied, filing his November 6, 2017 post-sentence motion to withdraw his guilty plea within 20 days of the October 16, 2017 order authorizing the same. Within the motion, [Harvey] made a bare assertion of his innocence and contended that he did not enter into the plea knowingly, intelligently, and voluntarily. The Commonwealth filed a response, and the trial court denied [Harvey's] motion without a hearing on February 13, 2018.

***Commonwealth v. Harvey***, 439 MDA 2018, at 1-4 (Pa. Super. filed Nov. 9, 2018) (unpublished memorandum decision). Harvey appealed, and this Court

- 2 -

affirmed his judgment of sentence on November 9, 2018. The Pennsylvania Supreme Court denied allowance of appeal on May 7, 2019.

On March 27, 2020, Harvey filed a timely *pro se* PCRA petition; the court appointed counsel, who filed a motion to withdraw pursuant to **Turner**/**Finley**.[2] The PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss and granted counsel's motion to withdraw on June 15, 2020. The court dismissed Harvey's petition on July 10, 2020. Harvey filed a timely *pro se* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

In his brief, Harvey raises seventeen issues involving the validity of his guilty plea, couched in terms of layered claims of ineffectiveness of counsel in relation to the entry of his guilty plea, his subsequent efforts to withdraw the plea, and his appeal of the trial court's denial of his motion to withdraw his guilty plea. He is entitled to no relief.

In reviewing the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).

To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." *Id.*

It is well settled that:

a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made."

With regard to an attorney's duty to investigate, the Supreme Court has noted that the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation. With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him.

***Commonwealth v. Willis***, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citations omitted). As to prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation and quotation marks omitted).

> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (internal citations, quotation marks, and brackets omitted).

Moreover, our case law is clear that the entry of a guilty plea constitutes waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. ***See Commonwealth v. Roden***, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed."); ***see also Commonwealth v. Messmer***, 863 A.2d 567, 571 (Pa. Super. 2004) ("The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence.").

Finally, to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

Here, all of Harvey's ineffectiveness claims relate to the validity of his guilty plea. This Court has previously concluded that Harvey's plea was knowingly, intelligently, and voluntarily entered:

> [W]e discern no abuse of discretion in the trial court's conclusion that [Harvey] entered into the plea knowingly, intelligently, and voluntarily, and thus he cannot demonstrate the occurrence of a manifest injustice. The trial court reasoned that the Commonwealth's attorney conducted a complete colloquy, which demonstrated [Harvey's] understanding of the terms of the plea agreement, the correctness of the charges, the agreed-upon sentence, and the constitutional rights he was giving up by pleading guilty. Trial Court Opinion, 6/21/2018, at 4 (citing N.T. [Guilty Plea Colloquy], 4/19/2016, at 2). [Harvey] stated that he and his attorney went over the guilty plea form together. *Id.* at 5 (citing N.T. [Guilty Plea Colloquy], 4/19/2016, at 3). [Harvey] further stated that he did not have any questions about any of the charges, he understood the written colloquy form he signed, and he did not have any questions about "anything." *Id.* (citing N.T. [Guilty Plea Colloquy], 4/19/2016, at 3-5). The factual basis and nature of all of the charges to which [Harvey] pleaded guilty were explained to [him] on the record. *Id.* (citing N.T. [Guilty Plea Colloquy], 4/19/2016, at 3-5).
>
> [Harvey] stated under oath that he understood the plea agreement and the charges to which he was pleading guilty. N.T., 4/19/2016, at 3-5. He cannot now assert that he did not understand the plea agreement process, the nature of the charges, or the factual basis for the charges. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super.

- 6 -

2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."). We agree with the trial court that [Harvey] has not demonstrated the manifest injustice necessary to permit him to withdraw the plea after sentence was imposed. The guilty plea colloquy in this case[4] establishes that [Harvey] willingly and voluntarily agreed to plead guilty, after negotiating a favorable plea bargain, with full understanding of the consequences of his decision and of the rights he would be giving up by pleading guilty.

> [4] [Harvey] also acknowledged in the written colloquy that he was satisfied with his attorney's representation of him, and his attorney had explained to him all of the charges, the legal elements of each charge, and the maximum penalties for each charge. Guilty Plea Colloquy, 4/18/2016, at 2 ([pagination] supplied).

***Harvey***, ***supra*** at 6-8. Because counsel cannot be deemed ineffective where a defendant's plea was entered knowingly, intelligently, and voluntarily, ***Willis***, ***supra***, Harvey is entitled to no relief.[3]

_____

[3] To the extent that Harvey claims that plea counsel was ineffective for failing to advise him that he would be in violation of his probation if he entered a guilty plea, this assertion is belied by the record. The guilty plea/sentencing transcript demonstrates Harvey's understanding of the fact that a detainer had been lodged against him in Philadelphia County and that he would be immediately paroled to that jurisdiction:

> [ASSISTANT DISTRICT ATTORNEY ROZMAN]: The defendant will plead guilty to the listed charges and receive a sentence of 10 to 23 months in Dauphin County Prison. And he's already served 10 months, so —
>
> THE COURT: Okay. Tell me again because I was —
>
> MR. ROZMAN: 10 to 23 months. An aggregate of 10 to 23 months with immediate parole to his Philadelphia detainer.

*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2021

_____


. . .

MR. ROZMAN:  Now, you heard me outline the plea agreement that you're going to plead guilty to these charges and receive a sentence of 10 to 23 months and get immediate parole to this Philadelphia detainer that is on you right now.

THE DEFENDANT:  Yes.

MR. ROZMAN:  Do you understand that?

THE DEFENDANT:  Yes.

MR. ROZMAN:  Are you in agreement with that?

THE DEFENDANT:  Yes.

N.T. Guilty Plea/Sentencing, 4/19/16, at 2, 3-4.