J-A25043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. LEHMAN | : | |
| | : | |
| Appellant | : | No. 379 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 2, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003613-2019

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JANUARY 5, 2023**

Appellant, Richard A. Lehman, appeals from the judgment of sentence of two to five years' incarceration imposed after he pleaded guilty to robbery.[1] We affirm.

On October 28, 2020, Appellant entered a guilty plea to the first count of an eight-count indictment, which was amended from a first-degree felony count of robbery to a second-degree felony.  The Commonwealth withdrew the remaining counts of the indictment.

A sentencing hearing took place on February 2, 2021.  At the hearing, defense counsel stated that Appellant's criminal record consisted mostly of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

traffic and drug crimes, he had a history of substance abuse issues, and she presented a letter from a friend describing Appellant as someone who would give his shirt off his back to friends and family. N.T., 2/2/21, at 4-5.[2] Defense counsel also explained that Appellant was not the main perpetrator of the robbery and recommended a sentence of time served. *Id.* Appellant then apologized for his behavior, stated that he had no excuse, and he attributed his crime to his "active addiction at the time." *Id.* at 5-6. The prosecutor did not make a specific recommendation to the trial court but discussed the seriousness of the crime, the extent of the victim's injuries, and the fact that Appellant had not fully cooperated by naming his co-conspirator. *Id.* at 7-9.

In imposing the sentence of two to five years' imprisonment, the trial court indicated that it was taking into consideration the statements of both attorneys and Appellant, the letter submitted on Appellant's behalf, and the pre-sentence investigative report ("PSI"). *Id.* at 9-10. The trial court then discussed the seriousness of the crime, which was detailed in the PSI, noting that Appellant and another individual entered the victim's motel room, beat him with a metal pipe causing various injuries including a patella fracture, and took his clothes, money, and personal effects. *Id.* at 10. The court also noted that Appellant had not fully accepted responsibility as he "has to know" the

---

[2] The certified record contains a transcript for a sentencing hearing that took place on February 21, 2022. However, based upon other filings of record, including the sentencing order, the date listed on the transcript appears to be in error and the transcript in fact reflects the notes of testimony of the scheduled February 2, 2022 hearing.

identity of the other individual but never disclosed this information to police. *Id.* at 7. The court further noted Appellant's "significant" prior record in finding that an aggravated range sentence was the appropriate punishment. *Id.* at 10.

Appellant filed a timely post-sentence motion, which the trial court denied on February 17, 2021. In his appeal,[3] Appellant raises the following issue before this Court:

_____

[3] This appeal has returned for our review following two remands by this Court. Initially, on February 8, 2022, we issued a memorandum decision finding that, while Appellant's notice of appeal from the February 17, 2021 order denying his post-sentence motion was not timely filed, a breakdown in the trial court's operations occurred when the court did not advise Appellant of his appeal rights in the order denying his post-sentence motion. ***Commonwealth v. Lehman***, No. 379 WDA 2021 (Pa. Super. filed February 8, 2022), unpublished memorandum at 3-5. However, we also concluded that Appellant's Pa.R.A.P. 1925(b) statement was untimely filed resulting in the waiver of his appellate issue and that his appellate counsel was *per se* ineffective based upon the untimely filing. *Id.* at 5-6. We therefore remanded for the appointment of new appellate counsel and to allow for the preparation of a new Rule 1925(b) statement and Rule 1925(a) opinion. *Id.* at 6-7.

On remand, the trial court appointed the Erie County Office of Public Defender ("Public Defender") to represent Appellant and directed the Public Defender to file a new Rule 1925(b) statement. When the Public Defender failed to timely file its concise statement, the trial court entered a Rule 1925(a) opinion finding waiver of any appellate issues by Appellant and returned the certified record to this Court. The Public Defender filed an application in this Court requesting that the case be again remanded to allow for the appointment of new counsel. In a June 13, 2022 judgment order, we found the Public Defender to be *per se* ineffective for failing to file a Rule 1925(b) statement on Appellant's behalf. ***Commonwealth v. Lehman***, No. 379 WDA 2021 (Pa. Super. filed June 13, 2022), unpublished judgment order at 3. We thus remanded for the appointment of new Appellate counsel and directed that new counsel file a

Was the aggravated range sentence in this case manifestly excessive and clearly unreasonable, unaccompanied by a sufficient statement of reasons, and not individualized as required by law when mitigating factors were not taken into account by the sentencing judge?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's issue relates to the trial court's exercise of its discretion in sentencing Appellant. A challenge to the discretionary aspect of a sentence is not appealable as of right. *Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022).

Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Id.*

Here, Appellant filed a timely notice of appeal and post-sentence motion and included a Rule 2119(f) statement in his brief. In his Rule 2119(f) statement, he argues that the trial court failed to consider mitigating factors,

---

Rule 1925(b) statement and the trial court file a supplemental Rule 1925(a) opinion or a statement that no further opinion was necessary. *Id.* at 3-4.

On the second remand, new appellate counsel was appointed on Appellant's behalf and counsel filed a Rule 1925(b) statement on July 12, 2022. The trial court then filed a supplemental Rule 1925(a) opinion on July 18, 2022. The certified record was returned to this Court, and the matter is now ready for our disposition.

including his substance abuse issues, a letter submitted at sentencing attesting to his good character, the fact that he was not under supervision at the time of his offense, his acceptance of responsibility, and the fact that he was not the main actor in the robbery. Appellant also argues that the trial court failed to set forth adequate reasons for his sentence and that the court double-counted factors already considered in the sentencing guidelines. We conclude that Appellant has raised substantial questions meriting our review. *See Commonwealth v. Mulkin*, 228 A.3d 913, 916 (Pa. Super. 2020) (claim that court imposed aggravated-range sentence without considering mitigating factors is a substantial question); *Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (substantial question raised where appellant argues that sentencing court failed to set forth adequate reasons for sentence imposed); *Commonwealth v. Goggins*, 748 A.2d 721, 731 (Pa. Super. 2000) (*en banc*) (claim that trial court double-counted factors already taken into account in sentencing guidelines constitutes a substantial question).

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Rosario*, 248 A.3d 599, 613 (Pa. Super. 2021) (citation omitted).

We first address Appellant's argument that the lower court failed to consider mitigating factors when fashioning the sentence. Pursuant to Section 9721(b) of the Sentencing Code, a court imposing a sentence for a felony or misdemeanor must make a part of the record a statement of the reasons for the sentence imposed. 42 Pa.C.S. § 9721(b); *Miller*, 275 A.3d at 535. In addition, Section 9721(b) requires that the court consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The balancing of the Section 9721(b) factors is the sole province of the sentencing court. *Miller*, 275 A.3d at 535.

Where the sentencing court has the benefit of a PSI, however, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations in light of the statutory factors. *Id.*; *Commonwealth v. Knox*, 165 A.3d 925, 930 (Pa. Super. 2017). This Court has explained:

A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any

- 6 -

extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Knox*, 165 A.3d at 930-31 (citation omitted).

Here, a PSI was prepared, and the trial court indicated its review of that document. N.T., 2/2/21, at 10. Furthermore, the mitigating factors that Appellant identifies in his brief as not being fully considered by the trial court were raised by Appellant and defense counsel at the sentencing hearing. *Id.* at 4-7. The trial court also noted its consideration of the statements of Appellant and his attorney when determining the sentence. *Id.* at 9. Because the trial court was fully informed of Appellant's mitigating factors through the PSI and the comments at the sentencing hearing, the trial court's discretion in evaluating those mitigating factors and weighing them against the statutory sentencing factors shall not be disturbed on appeal. *Miller*, 275 A.3d at 535; *Knox*, 165 A.3d at 930.

We additionally find no merit to Appellant's claims that the trial court failed to state adequate reasons for his aggravated range sentence and improperly double counted factors considered in his post-sentencing motion. "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed," and "the sentencing

judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted). Appellant's argument that the trial court failed to state sufficient rationale for its imposition of the aggravated range sentence is belied by the record. The trial court indicated at the hearing that it considered the PSI, Appellant's remarks at the sentencing hearing, his counsel's discussion of mitigating factors, and the letter submitted on Appellant's behalf in determining his sentence. N.T., 2/2/21, at 9-10. In particular, the court noted three factors as particularly relevant to the sentence it imposed: Appellant's lack of full acceptance of responsibility for his crimes as evidenced by his failure to identify the other individual involved in the robbery, the severity of the injuries sustained by the victim, and Appellant's significant criminal history. ***Id.*** at 7, 10.

Furthermore, the trial court did not double count any factor already incorporated into the sentencing guidelines in arriving at Appellant's sentence. ***See Goggins***, 748 A.2d at 732 ("[A] sentencing court may not 'double count' factors already taken into account in the sentencing guidelines."). Appellant asserts two purportedly double-counted factors: the severity of the victim's injuries, a factor calculated into the offense gravity score for his robbery conviction, which required the infliction or threat of bodily injury, and the court's statement that Appellant's sentence was appropriate in light of his "significant" prior record. N.T., 2/2/21, at 9-10; ***see also*** 18 Pa.C.S. § 3701(a)(1)(iv).

We ascertain no error in the trial court's consideration of these factors. The victim's injuries were a proper concern for the court as Section 9721(b) requires the evaluation of "the gravity of the offense as it relates to the impact on the life of the victim." 42 Pa.C.S. § 9721(b); *see also Goggins*, 748 A.2d at 732 (sentencing court may consider facts of crime as they relate to the impact of the offense on the public, a required consideration under Section 9721(b)). Moreover, the context of the trial court's statements at the sentencing hearing make clear that the court was not simply using Appellant's prior record as a basis for increasing his sentence but that the court was assessing Appellant's potential for rehabilitation after two decades of drug use and criminality, which is a proper sentencing consideration. *See Commonwealth v. Messmer*, 863 A.2d 567, 573 (Pa. Super. 2004) (sentencing court may consider defendant's prior record in order to assess the scope of a defendant's history of problematic behavior as well as the potential for rehabilitation).

Based on our review of the record and relevant case law, we conclude that the trial court did not abuse its discretion in rendering its sentence.[4]

---

[4] Appellant also argues before this Court that the trial court improperly relied upon facts that are not of record as he described details of the robbery and the victim's injuries that went far beyond the factual basis upon which he entered his plea. *See* N.T., 10/28/20, at 9-10; N.T., 2/2/21, at 9-10. This argument is waived as it was not preserved at sentencing or in a post-sentencing motion nor does it appear in Appellant's Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii); *Miller*, 275 A.3d at 534. Moreover, even if preserved, the issue lacks merit. The trial court stated on

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2023

---

the record that it relied on the PSI for information concerning the crime, N.T., 2/2/21, at 10, and, as provided by law, a PSI must include "information regarding the circumstances of the offense" and a victim impact statement, if available. Pa.R.Crim.P. 702(A)(3)-(4); **see also** 18 P.S. § 11.201(5). Therefore, the sentencing record contained information related to Appellant's crime and the harm that he caused beyond the facts that he admitted to during the plea hearing.